UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**LESLIE A. FARBER, LLC**
33 Plymouth Street, Suite 204
Montclair, NJ 07042
Ph. (973) 509-8500
Attorneys for Defendant, John Doe 4

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | Hon. Kevin McNulty, U.S.D.J. |
| *Plaintiff,* | Case No. 2:12-cv-07789 (KM) (MCA) |
| vs. | CIVIL ACTION |
| **JOHN DOES 1-18**, | RETURN DATE: May 6, 2013 |
| *Defendants.* | Document Filed Electronically |

---

## BRIEF OF DEFENDANT, JOHN DOE 4, IN SUPPORT OF MOTION TO SEVER AND DISMISS DEFENDANT, AND TO QUASH SUBPOENA

---

LESLIE A. FARBER, ESQ.
    On the Brief

                    LESLIE A. FARBER, LLC
                    33 Plymouth Street, Suite 204
                    Montclair, NJ 07042
                    Attorneys for Defendant, John Doe 4

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Relevant Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Overview of Mass "John Doe" Litigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    POINT I. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        DEFENDANT JOHN DOE 4 HAS STANDING TO CHALLENGE THE
        SUBPOENA, WHICH WOULD SUBJECT DEFENDANT TO UNDUE
        BURDEN, ANNOYANCE, HARASSMENT AND EXPENSE.. . . . . . . . . . . . . 5

        Defendant's privacy interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        Undue burden, annoyance and/or embarrassment. . . . . . . . . . . . . . . . . . . . . . . 6

    POINT II. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        DEFENDANTS HAVE BEEN IMPROPERLY JOINED BECAUSE THERE
        ARE INSUFFICIENT ALLEGATIONS THAT DEFENDANTS WERE
        INVOLVED IN A COMMON SERIES OF TRANSACTIONS, AND BECAUSE
        THE SOUGHT AFTER DISCOVERY HAS THE POTENTIAL TO ENSNARE
        NUMEROUS INNOCENT INTERNET USERS INTO THE CASE.. . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## TABLE OF AUTHORITIES

**CASES**

Aerosoft GMBH v. Doe, No. 12-21489 (ECF No. 6), 2012 U.S. Dist. LEXIS 68709 (S.D. Fla. May 16, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

AF Holdings LLC v. Does 1-97, No. 11-03067 (ECF No. 11), 2011 WL 2912909 (N.D. Cal. July 20, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Amselfilm Prods. GMBH & Co. KG v. Swarm 6A6DC, John Does 1-187, No. 12-03865 (ECF No. 12) (D.N.J. Oct. 10, 2012) (Hochberg, J.). . . . . . . . . . . . . . . . . . . . . . . . . 11

Boy Racer, Inc., v. Does 1-60, No. 11-01738 (ECF No. 24) (N.D. Cal. Aug. 19, 2011). . . . . . . . 6

Bubble Gum Prods., LLC, v. Does 1-80, No. 12-20367 (ECF No. 40), 2012 U.S. Dist. LEXIS 100203, 2012 WL 2953309 (S.D. Fla. July 19, 2012). . . . . . . . . . . . . . . . . . . . . 13

Digital Sins, Inc., v. Does 1-245, No. 11-8170 (ECF No. 18), 2012 U.S. Dist. LEXIS 69286, 2012 WL 1744838 (S.D.N.Y. May 15, 2012). . . . . . . . . . . . . . . . . . . . . . . . . 14

Dragon Quest Productions, LLC, vs.. John Does 1-100, No. 12-06611 (ECF No. 7) (D.N.J. Mar. 8, 2013) (Donio, J.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Feist Publ'ns, Inc., v. Rural Tel. Serv. Co., 499 U.S. 340 (1991). . . . . . . . . . . . . . . . . . . . . . . . 16

Hard Drive Prods., Inc. v. Does 1-90, No. 11-03825 (ECF No. 18), 2012 WL 1094653 (N.D. Cal. Mar. 30, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hard Drive Prods., Inc., v. Does 1-130, No. C-11-3826 (ECF No. 16), 2011 U.S. Dist. LEXIS 132449 (N.D. Cal. Nov. 16, 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hard Drive Prods., Inc., v. Does 1-188, 809 F. Supp.2d 1150 (N.D. Cal. 2011). . . . . . . . . . . . . 6

Hard Drive Prods., Inc., v. Does 1-30, No. 11-345 (ECF No. 19), 2011 WL 4915551 (E.D. Va. Oct. 17, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Hard Drive Productions, Inc. v. Does 1-48, No. 11-9062 (ECF No. 28), 2012 WL 2196038, at 3 (N.D. Ill. June 14, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In Re BitTorrent Adult Film Copyright Infringement Cases, No. 12-01147 (ECF No. 4), 2012 WL 1570765 (E.D.N.Y. May 1, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 13

Ingenuity 13 LLC. v. John Doe, No. 12-8333 (ECF No. 48) (C.D. Cal. Feb. 7, 2013). . . . . . . 8, 17

K-Beech, Inc., v. Does 1-63, No. 11-2941 (ECF No. 14) (N.D. Ga. Dec. 5, 2011). . . . . . . . . . . 14

K-Beech, Inc., v. Does 1-78, No. 11-5060 (ECF No. 13) (E.D. Pa. Oct. 3, 2011). . . . . . . . . . . . 14

Liberty Media Holdings, LLC, v. BitTorrent Swarm, 277 F.R.D. 669 (S.D. Fla. 2011). . . . . . . . 14

Malibu Media, LLC v. Does 1-25, No. 12-362 (ECF No. 27), 2012 WL 2367555 (S.D. Cal. June 21, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Malibu Media, LLC v. Does 1-5, No. 12-2950 (ECF No. 7), 2012 U.S. Dist. LEXIS 77469, 2012 WL 2001968 (S.D.N.Y. June 1, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Malibu Media, LLC, v. Does 1-11, No. 12-0237 (ECF No. 14), 2012 U.S. Dist. LEXIS 94648 (D.D.C. July 10, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Malibu Media, LLC, v. Does 1-12, No. 12-1261 (ECF No. 8), 2012 U.S. Dist. LEXIS 96351, WL 2872835 (E.D. Cal. July 11, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

Malibu Media, LLC, v. Does 1-13, No. 12-01513 (ECF No. 5), 2012 U.S. Dist. LEXIS 94705, 2012 WL 2800123 (E.D. Cal. July 9, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . 14

Malibu Media, LLC, v. Does 1-7, No. 12-1514 (ECF No. 5), 2012 U.S. Dist. LEXIS 9633, 2012 WL 2872842 (E.D. Cal. July 11, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Malibu Media, LLC, v. John Does 1-10, No. 12-03623 (ECF No. 7), 2012 U.S. Dist. LEXIS 89286 (C.D. Cal. June 27, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Malibu Media, LLC, v. John Does 1-11, 12-07615 (ECF No. 8) (D.N.J. Feb. 26, 2013) (Dickson, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Malibu Media, LLC, v. John Does 1-30, No. 12-3896 (ECF No. 23) (D.N.J. Dec. 12, 2012) (Arpert, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Malibu Media, LLC, v. John Does, No. 12-01642 (ECF No. 32) (D.C. Cal. Oct. 10, 2012). . . . 17

Malibu Media, LLC, vs. John Does 1-39, No. 12-06945 (ECF No. 23) (D.N.J. March 28, 2013) (Arpert, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

MCGIP v. Does 1-149, No. 11-02331 (ECF No. 14), 2011 WL 4352110 (N.D. Cal. Sept. 16, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Media Products, Inc., v. Does 1-26, No. 12-3719 (ECF No. 9), 2012 U.S. Dist. LEXIS 84111, 2012 WL 2190613 (S.D.N.Y. Sept. 4, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . 14

Millennium TGA, Inc., v. Comcast Cable Commc'n, No. 12-00150 (ECF No. 28), 2012 WL 2371426 (D.D.C. June 25, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Modern Woman, LLC, v. Does 1-X, 12-04858 (ECF No. 6) (D.N.J. Feb. 27, 2013)
(Dickson, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Modern Woman, LLC, v. Does 1-X, 12-04859 (ECF No. 6) (D.N.J. Feb. 26, 2013)
(Dickson, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Modern Woman, LLC, v. Does 1-X, 12-04860 (ECF No. 6) (D.N.J. Feb. 27, 2013)
(Dickson, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Nu Image, Inc., v. Does 1-3932, No. 11-00545 (ECF No. 244) (M.D. Fla. May 23, 2012). . . . . . 6

On the Cheap, LLC, v. Does 1-5011, No. C10-4472 (ECF No. 66), 2011 WL 4018258
(N.D. Cal. Sept. 6, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Pacific Century Int'l, Ltd., v. Does 1-101, No. C-11-2533 (ECF No. 27), 2011 WL
5117424 (N.D. Cal. Oct. 27, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Pacific Century Int'l, Ltd., v. Does 1-101, No. C-11-2533 (ECF No. 7), 2011 WL
2690142 (N.D. Cal. July 8, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Patrick Collins, Inc., v. Does 1-11, No. 12-1153 (ECF No. 4), 2012 U.S. Dist. LEXIS
75986 (E.D.N.Y. May 31, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Patrick Collins, Inc., v. Does 1-35, No. 11-02940 (ECF No. 26) (N.D. Ga. Dec. 19, 2011).. . . . 14

Patrick Collins, Inc., v. Does 1-37, No. 12-1259 (ECF No. 5), 2012 U.S. Dist. LEXIS
96350, 2012 WL 2872832 (E.D. Cal. July 11, 2012). . . . . . . . . . . . . . . . . . . . . . . . . 13

Patrick Collins, Inc., v. Does 1-3757, No. C-10-05886 (ECF No. 14), 2011 U.S. Dist.
LEXIS 128029 (N.D. Cal. Nov. 4, 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Patrick Collins, Inc., v. Does 1-4,  No. 12-2962 (ECF No. 7), 2012 U.S. Dist. LEXIS
82253, 2012 WL 2130557 (S.D.N.Y. June 12, 2012). . . . . . . . . . . . . . . . . . . . . . . . . 14

Patrick Collins, Inc., v. Does 1-6, No. 12-2964 (ECF No. 7), 2012 WL 2001957
(S.D.N.Y. June 1, 2012).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Patrick Collins, Inc., v. Does 1-7, No. 12-2963 (ECF No. 9) (S.D.N.Y. May 24, 2012). . . . . . . 14

Patrick Collins, Inc., v. Does 1-54, No. 11-1602 (ECF No. 34), 2012 WL 911432 (D.
Ariz. Mar. 19, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Patrick Collins, Inc., vs. John Does 1-43, No. 12-03908 (ECF Nos. 32, 33) (D.N.J.
Feb. 15, 2013) (Hayden, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

R&D Film 1, LLC, vs. John Does 1-103, No. 13-00483 (ECF No. 4) (D.N.J. Feb. 13, 2013) (Donio, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

R&D Film 1, LLC, vs. John Does 1-104, No. 13-00484 (ECF No. 4) (D.N.J. Feb. 13, 2013) (Donio, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

R&D Film 1, LLC, vs. John Does 1-105, No. 13-00485 (ECF No. 4) (D.N.J. Feb. 13, 2013) (Donio, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

R&D Film 1, LLC, vs. John Does 1-28, No. 13-00482 (ECF No. 4) (D.N.J. Feb. 13, 2013) (Donio, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

R&D Film 1, LLC, vs. John Does 1-28, No. 13-00487 (ECF No. 4) (D.N.J. Feb. 13, 2013) (Donio, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

R&D Film 1, LLC, vs. John Does 1-31, No. 13-00486 (ECF No. 4) (D.N.J. Feb. 13, 2013) (Donio, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

R&D Film 1, LLC, vs. John Does 1-40, No. 12-06633 (ECF No. 6) (D.N.J. Feb. 13, 2013) (Donio, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Raw Films, Inc., v. Does 1-32, No. 11-2939 (ECF No. 14), 2011 WL 6840590 (N.D. Ga. Dec. 29, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

SBO Pictures, Inc., v. Does 1-20, No. 12-3925 (ECF No. 5), 2012 U.S. Dist. LEXIS 78268, 2012 WL 2034631 (S.D.N.Y. June 5, 2012). . . . . . . . . . . . . . . . . . . . . . . . . 14

SBO Pictures, Inc., v. Does 1-3,036, No. 11-4220 (ECF No. 14), 2011 WL 6002620 (N.D. Cal. Nov. 30, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-9, 13

Smash Pictures v. Does 1-590, No. 12-00302 (ECF No. 21) (E.D. Cal. June 14, 2012).. . . . . . . 15

Third Degree Films Inc., v. John Does 1-4, 280 F.R.D. 493 (D. Ariz. 2012). . . . . . . . . . . . . . . 11

Third Degree Films v. Does 1-3,577, No. C-11-02768 LB (ECF No. 6), 2011 WL 5374569 (N.D. Cal. Nov. 4, 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Third Degree Films v. Does 1-47, No. 12-10761 (ECF No. 31) (D. Mass. Oct. 2, 2012).. . . . 3, 17

Third Degree Films, Inc. v. Does 1-108, No. 11-3007 (ECF No. 31), 2012 WL 669055 (D. Md. Feb. 28, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Third Degree Films, Inc., v. John Does 1-110, No. 12-5817 (ECF No. 7) (D.N.J. Jan. 17, 2013) (Falk, J.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

v

VPR Internationale v. Does 1-1,017, No. 11-02068 (ECF No. 15 ), 2011 WL 8179128
(C.D. Ill. Apr. 29, 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Washington v. Thurgood Marshall Acad., 230 F.R.D. 18, 21 (D.D.C. 2005). . . . . . . . . . . . . . . . 5

West Coast Productions v. Does 1-13, 12-30087 (ECF No. 20) (D. Mass. Mar. 14, 2013). . . . . 13

Zero Tolerance Entertainment, Inc., v. Does 1-45, No. 12-1083 (ECF No. 7), 2012 U.S.
Dist. LEXIS 78834, 2012 WL 2044593 (S.D.N.Y. June 6, 2012).. . . . . . . . . . . . . . . . . 14


**STATUTES**

17 U.S.C. § 505. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


**RULES**

Fed. R. Civ. P. 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 20. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 16

Fed. R. Civ. P. 20(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 15

Fed. R. Civ. P. 21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11

Fed. R. Civ. P. 26. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

Fed. R. Civ. P. 26(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 45. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

Fed. R. Civ. P. 45(c)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1


**OTHER SOURCES**

Christopher M. Swartout, Comment, Toward a Regulatory Model of Internet
Intermediary Liability:  File-Sharing and Copyright Enforcement, 31 Nw. J. Int'l
L. & Bus. 499 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

H.R. Rep. 98-934 (1984), reprinted in 1984 U.S.C.C.A.N. 4655. . . . . . . . . . . . . . . . . . . . . . . 5

James DeBriyn, Shedding Light on Copyright Trolls:  An Analysis of Mass Copyright
Litigation in the Age of Statutory Damages, 19 U.C.L.A. Ent. L. Rev. 79 (2012). . . . 3, 18

## PRELIMINARY STATEMENT

Movant-defendant John Doe 4 (alleged as having IP address 68.39.197.213), by and through counsel, and pursuant to FED. R. CIV. P. 12, 45(c)(3) and 21, hereby moves this Court for an Order (1) Quashing the Rule 45 Subpoena, dated February 22, 2013, and returnable April 15, 2013, issued to and served upon Comcast Cable Holdings, LLC (hereinafter "Comcast"), this defendant's Internet Service Provider ("ISP"), and which seeks documents that identify this defendant's name, address and telephone number, e-mail address, and Media Access Control ("MAC") address, and (2) Severing and Dismissing John Doe 4 for improper joinder under FED. R. CIV. P Rule 20.

Defendant John Doe 4 submits that such an Order is warranted because (1) the subpoena presents an undue burden under Rule 45 and the Order would protect John Doe 4 under Rule 26; (2) the subpoena seeks information not directed to advancing plaintiff's claim;  (3) per Rule 26(b)(1), the subpoena "is not relevant to any party's claim or defense;" and  (4) the severance would better serve the interests of justice and fairness.  The grounds for this motion are more fully set forth in this brief.  For the reasons stated herein below, the Motion should be granted.

## STATEMENT OF FACTS

**Relevant Procedural History**

Plaintiff filed a Complaint on December 19, 2012 (ECF No. 1), and an Amended

Complaint on February 21, 2013 (ECF No. 8), against 18 distinct internet subscribers, alleging

copyright infringement.  Plaintiff allegedly owns the relevant rights to the work described in

Exhibit B to plaintiff's Complaint (the "Work"), which it claims as the basis for this suit.  On

January 11, 2013 (ECF No. 4) and February 5, 2013 (ECF No. 6), plaintiff filed motions seeking

an Order for discovery and early discovery from this Court, which was granted on February 14,

2012, and filed on February 15, 2013 (ECF No. 7).

Defendants are 18 unrelated and unnamed individuals accused of downloading plaintiff's

Work at entirely distinct times between October 9, 2012 and November 10 – a span of over one

(1) month.  Movant herein, John Doe 4, identified only by IP address 68.39.197.213, is accused

of downloading and sharing plaintiff's Work on October 14, 2012, at 7:26 p.m. *(see* Exhibit A to

plaintiff's Complaint), but had what she, he or it believes was an unsecured wireless router on

the premises until January 2013.  She, he or it also never has used or installed any BitTorrent or

other file-sharing software on any computer, and never have downloaded any movie.  *See*

Certification of John Doe 4, dated April 2, 2013, annexed hereto.

Plaintiff served Comcast, which is defendant's internet service provider ("ISP"), with a

Subpoena dated February 22, 2013, returnable April 15, 2013, which seeks names, addresses and

telephone numbers of 18 individuals or entities designated John Does 1-18, and who allegedly

were assigned various internet protocol (IP) addresses between October 9, 2012, and

November 10, 2012, a span over one (1) month.  *See* Letter dated March 6, 2013, and

accompanying subpoena and Order filed February 15, 2012 (hereinafter "Exhibit A").  This

2

defendant first received notice of the subpoena by letter from Comcast dated March 6, 2013, which served as a cover letter for the subpoena. *See i.d.*[1]

**Overview of Mass "John Doe" Litigation**

This case is the latest installment in a wave of mass "John Doe" copyright troll[2] infringement lawsuits that have swept through district courts around the country. Certain features have become hallmarks of this brand of litigation. First, the plaintiff-copyright troll files a single suit seeking the identities of dozens or hundreds of unrelated individuals based on a generalized allegation that each has "shared" one or more of the plaintiff's copyrighted works – usually a pornographic film with an embarrassingly pornographic title. The plaintiff pays a single filing fee of $350 (instead of, for example, the $6,300 that would be required to file suit individually against all John Does in this matter).

Next, the plaintiff seeks an order for early discovery from the court, in the form of a subpoena to an ISP (Comcast in this case) to obtain names, addresses, telephone numbers, etc., of the subscribers associated with particular IP addresses. The individual identified by the subpoena is the individual whose name appears as a subscriber on the ISP's records at a particular location, date and time, but who may have no connection to any purported actual infringer of a plaintiff's alleged copyrights. As there is no identifiable defendant at this stage, a

---

[1]John Doe 4's name and address have been redacted from the Comcast letter to protect defendant's identity.

[2]*Third Degree Films v. Does 1-47,* No. 12-10761 (ECF No. 31 at 1) (D. Mass. Oct. 2, 2012)
A copyright troll is an owner of a valid copyright who brings an infringement action "not to be made whole, but rather as a primary or supplemental revenue stream." *Id.* at n. 1 (citing James DeBriyn, *Shedding Light on Copyright Trolls: An Analysis of Mass Copyright Litigation in the Age of Statutory Damages,* 19 U.C.L.A. ENT. L. REV. 79, 86 (2012)).

plaintiff is allowed to make various questionable representations (like those challenged herein) in support of its early discovery motion.

This tactic effectively allows the plaintiff to circumvent the well-established rules of joinder, at least until the next step in the mass copyright suit, which is also the most important – the threats. After obtaining the ex parte discovery, the plaintiff may commence a series of harassing calls and/or letters to the subscriber or her or his family at home or work, threatening to sue (regardless of whether or not such subscriber actually infringed any copyright) for the alleged copying and distribution of the aforementioned pornographically titled adult work. Or, as the plaintiffs are quick to reassure the subscriber, one can make it all go away by simply paying several thousand dollars. Subscribers are faced with this choice, whether or not they have ever infringed any copyright, and whether or not they have ever heard of the BitTorrent protocol. As these plaintiffs well know, a subscriber's decision to settle often is wholly unrelated to whether or not they have infringed any copyrighted work, and is influenced solely by a desire to avoid the embarrassment and legal expense required to establish one's innocence.

Plaintiffs may continue to threaten future suits until the statute of limitations expires, despite the clear lesson of the recent wave of suits:  only a small fraction of those threatened are ever served in a copyright infringement action. The reason is simple:  plaintiffs have no idea whether the subscriber committed copyright infringement, and, if they *actually* served a summons and complaint on a subscriber (rather than simply threatening to do so), they would immediately expose themselves to potential liability for costs and attorney fees under 17 *U.S.C.* § 505.

**LEGAL ARGUMENT**

<u>POINT I</u>

**DEFENDANT JOHN DOE 4 HAS STANDING TO CHALLENGE THE SUBPOENA, WHICH WOULD SUBJECT DEFENDANT TO UNDUE BURDEN, ANNOYANCE, HARASSMENT AND EXPENSE.**

A.    <u>Defendant's privacy interest</u>

A party has standing to challenge a subpoena issued to a third party when the party has a personal or proprietary interest in the information sought by the subpoena. *See Washington v. Thurgood Marshall Acad.,* 230 *F.R.D.* 18, 21 (D.D.C. 2005). Movant herein has a clear personal and proprietary interest in the personal details sought. Congress recognizes that subscribers have a **privacy interest** in their personally identifying information retained by ISPs. *See* H.R. Rep. 98-934 (1984), *reprinted in* 1984 U.S.C.C.A.N. 4655 at *79 ("The Congress is recognizing a right of privacy in personally identifying information collected and held by a cable company . . .").

Courts addressing the privacy issue in similar contexts show that this defendant has standing because the subpoena implicates his privacy interests. *See Hard Drive Productions, Inc. v. Does 1-48,* No. 11-9062 (ECF No. 28 at 7), 2012 WL 2196038, at 3 (N.D. Ill. June 14, 2012) ("Generally, a party lacks standing to quash a subpoena issued to a nonparty **unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests.**") (emphasis added). Courts have found standing in similar cases, even where the defendant's privacy interest is "minimal at best." *See, e.g., **Malibu Media, LLC v. Does 1-25,*** No. 12-362 (ECF No. 27 at 3), 2012 WL 2367555, *2 (S.D. Cal. June 21, 2012). Because defendant here has at least a minimal privacy interest in the information requested by the subpoena, he has standing to object. *Third Degree Films, Inc. v. Does 1-108,* No. 11-3007

5

(ECF No. 31 at 6), 2012 WL 669055, *2 (D. Md. Feb. 28, 2012) ("however minimal or 'exceedingly small' the Doe Defendants' interests here are, parties need only have 'some personal right or privilege in the information sought' to have standing to challenge a subpoena to a third party").

Numerous other courts, faced with nearly identical BitTorrent lawsuits, have likewise concluded that the account-holder associated with an identified IP address may challenge subpoenas issued to the subscriber's ISPs.  *See, e.g., Hard Drive Prods., Inc., v. Does 1-188,* 809 *F. Supp.2d* 1150 (N.D. Cal. 2011) (order granting Doe's motion to quash);  *Boy Racer, Inc., v. Does 1-60,* No. 11-01738 (ECF No. 24) (N.D. Cal. Aug. 19, 2011) (order granting Doe's motion to quash and dismiss Case without prejudice);  *Nu Image, Inc., v. Does 1-3932,* No. 11-00545 (ECF No. 244) (M.D. Fla. May 23, 2012) (order granting Doe's motion to quash or, in the alternative, to sever and dismiss);  *In Re BitTorrent Adult Film Copyright Infringement Cases,* No. 12-01147 (ECF No. 4), 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (granting motions to quash from underlying action).

B.    Undue burden, annoyance and/or embarrassment

Furthermore, this defendant has standing under FED. R. CIV. P. 26 and/or 45 to move to quash the subpoena, which will subject her, him or it to undue burden, annoyance and/or embarrassment.  As explained above,

> once the plaintiff obtains the identities of the IP subscribers through early discovery, it serves the subscribers with a settlement demand . . . the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle . . . .  Thus, these mass copyright infringement cases have emerged as a strong tool for leveraging settlements – a tool whose efficiency is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access en masse to the identities of alleged infringers.
> *MCGIP v. Does 1-149*, No. 11-02331 (ECF No. 14 at note 5), 2011 WL 4352110, at *4 (N.D. Cal. Sept. 16, 2011) (emphasis added).

6

*See also On the Cheap, LLC, v. Does 1-5011*, No. C10-4472 (ECF No. 66 at 11), 2011 WL 4018258 at *11 (N.D. Cal. Sept. 6, 2011) (stating that plaintiffs' settlement tactics leave defendants with "a decision to either accept plaintiff's demand or incur significant expense to defend themselves" and finding that this does not "comport with the 'principles of fundamental fairness' ").

Using the same modus operandi in a number of related cases, the same plaintiff as in this case recently faced similarly justified criticism in a scathing order out of the Central District of California:

> The court is familiar with lawsuits like this one. These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many does will send back a nuisance value check to the plaintiff. The cost to plaintiff: a single filing fee, a bit of discovery, and stamps. The rewards: potentially hundreds of thousands of dollars. Rarely do these cases reach the merits. **The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an <u>extortion</u> scheme, for a case that plaintiff has no intention of bringing to a trial.** By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement – making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do so the old fashioned way and earn it."
>
> *Malibu Media, LLC, v. John Does 1-10*, No. 12-03623 (ECF No. 7 at 6), 2012 U.S. Dist. LEXIS 89286 at *8-9 (C.D. Cal. June 27, 2012) (internal citations omitted, emphasis added).

Yet another court recognized that "[p]laintiff would likely send settlement demands to the individuals whom the ISP identified as the IP subscriber. 'That individual – whether guilty of copyright infringement or not – would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the settlement demand. **This creates great potential for a coercive and unjust settlement.'** " *SBO Pictures, Inc., v. Does 1-3,036*, No. 11-4220 (ECF No. 14 at 8), 2011 WL

7

6002620, at *8 (N.D. Cal. Nov. 30, 2011) (quoting *Hard Drive Prods., Inc., v. Does 1-130,* No.

C-11-3826 (ECF No. 16), 2011 U.S. Dist. LEXIS 132449 at *9 (N.D. Cal. Nov. 16, 2011)

(emphasis added).  As one court recently noted,

> The Court has previously expressed concern that in pornographic copyright
> infringement lawsuits like these, the economics of the situation makes it highly likely
> for the accused to immediately pay a settlement demand.  Even for the innocent, a
> four-digit settlement makes economic sense over fighting the lawsuit in court—not
> to mention the benefits of preventing public disclosure (by being named in a lawsuit)
> of allegedly downloading pornographic videos.
> *Ingenuity 13 LLC. v. John Doe,* No. 12-8333 (ECF No. 48 at 7) (C.D. Cal. Feb. 7, 2013).

Courts are concerned that a plaintiff's motive for seeking joinder of many Doe

defendants in one action merely is to coerce settlements.  *SBO Pictures, supra,* No. 11-4420

(ECF No. 14 at 8).  As further evidence of that motive, the court in another case noted that, as is

typical in these BitTorrent cases, no plaintiff ever filed proof of service upon a single defendant,

even after a number of defendants were identified and settled with plaintiffs.  Instead, the

plaintiffs "appear[ed] content to force settlements without incurring any of the burdens involved

in proving their cases."  *Patrick Collins, Inc., v. Does 1-3757,* No. C-10-05886 (ECF No. 14 at

4), 2011 U.S. Dist. LEXIS 128029, at *6-7 (N.D. Cal. Nov. 4, 2011).  "[T]he court will not assist

a plaintiff who seems to have no desire to actually litigate but instead seems to be using the

courts to pursue an extrajudicial business plan against possible infringers (and innocent others

caught up in the ISP net)."  *Hard Drive Prods., Inc. v. Does 1-90,* No. 11-03825 (ECF No. 18 at

11), 2012 WL 1094653, at *7 (N.D. Cal. Mar. 30, 2012).

Moreover, plaintiff here cannot demonstrate that the requested discovery will even lead

to identification of the proper John Doe defendant.  The prevailing accepted wisdom in District

Courts across the country is that an IP address does not equate to the infringer of a plaintiff's

copyright and that merely identifying the individual who pays the internet bill associated with a

particular ISP account does not identify the individual who may have infringed a copyright via

that IP address.  As the court in *SBO Pictures* understood, "the ISP subscriber to whom a certain

IP address was assigned may not be the same person who used the internet connection for illicit

purposes."  *SBO Pictures, Inc*., *supra*, 2011 WL 6002620, at *3.

> Another court correctly noted:

> In its motion, Plaintiff redefines "Defendants" in a manner that would ensnare
> unknown numbers of innocent individuals or entities into this matter.  Tucked away
> in a footnote, Plaintiff discreetly attempts to expand "Defendants" for purposes of
> this expedited discovery request to encompass not only those who allegedly
> committed copyright infringement – proper defendants to Plaintiff's claims – but ISP
> "Subscriber(s)" over whose internet connection the Work allegedly was downloaded.
> *Pacific Century Int'l, Ltd., v. Does 1-101*, No. C-11-2533 (ECF No. 27 at 3-4), 2011 WL
> 5117424 (N.D. Cal. Oct. 27, 2011).

*See also VPR Internationale v. Does 1-1,017,* No. 11-02068 (ECF No. 15 at 2 ), 2011 WL

8179128 (C.D. Ill. Apr. 29, 2011) ("Where an IP address might actually identify an individual

subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC

article.  The infringer might be the subscriber, someone in the subscriber's household, a visitor

with her laptop, a neighbor, or someone parked on the street at any given moment.")

> This Court more recently held in at least four (4) cases that the release of the same

personal information plaintiff here seeks

> could impose an undue burden on individuals who may have provided their
> information to an ISP, but did not engage in the alleged illegal distribution of
> Plaintiff's work.
> * * *
> Plaintiff must go beyond the "limited discovery" that it asserted would lead to the
> John Doe defendants' identities.  The burdens associated with the potentially
> expansive and intrusive discovery that Plaintiff may need to propound in order to
> obtain the John Doe defendants' identities likely outweighs Plaintiff's need for
> expedited discovery.
> *Malibu Media, LLC*, *v. John Does 1-11,* 12-07615 (ECF No. 8 at 6-7) (D.N.J. Feb. 26,
> 2013) (Dickson, J.);  *Modern Woman, LLC, v. Does 1-X,* 12-04859 (ECF No. 6 at 7)
> (D.N.J. Feb. 26, 2013) (Dickson, J.);  *Modern Woman, LLC, v. Does 1-X*, 12-04860 (ECF
> No. 6 at 7) (D.N.J. Feb. 27, 2013) (Dickson, J.);  *Modern Woman, LLC, v. Does 1-X,*

12-04858 (ECF No. 6 at 7) (D.N.J. Feb. 27, 2013) (Dickson, J.) (all cases citing *Pacific Century Int'l, Ltd., v. Does 1-101*, No. C-11-2533 (ECF No. 27), 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011)).

*Accord Third Degree Films, Inc., v. John Does 1-110,* No. 12-5817 (ECF No. 7 at 3) (D.N.J. Jan. 17, 2013) (Falk, J.) (Judge Falk's Order denied a motion for Rule 45 subpoenas and expedited discovery because

> [i]n some instances, the IP subscriber and the John Doe defendant may not be the same individual. Indeed, the infringer might be someone other than the subscriber; for instance, someone in the subscriber's household, a visitor to the subscriber's home or even someone in the vicinity that gains access to the network. *See VPR Internationale v. Does 1-1,017,* No. 11-2068 (ECF No. 15), 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011). As a result, Plaintiff's sought after discovery has the potential to ensnare numerous innocent internet users into the litigation placing a burden on them that outweighs Plaintiff's need for discovery as framed.).

Because the discovery sought by plaintiff in this case only will identify the ISP subscriber and not the infringer, the discovery is not likely to lead to the identity of the allegedly infringing Doe defendant or allow plaintiff to effectuate service thereon. Furthermore, this defendant will be subjected to annoyance, harassment, and undue burden and expense if this Court does not grant the requested relief or otherwise prohibit plaintiff from obtaining Movant's identity and address.

Defendant submits that this Court should heed the concerns expressed, *supra*, about the coercive procedures typically utilized by plaintiffs such as here to extract and extort settlements from putative defendants without ever actually litigating the case on the merits.

As such, defendant respectfully requests that this Court reverse its prior Order and Quash the Comcast subpoena.

The misjoinder of the John Doe defendants represents further good cause for issuance of such an Order to Quash, sever and dismiss as argued in Point II, *infra.*

<u>POINT II</u>

**DEFENDANTS HAVE BEEN IMPROPERLY JOINED BECAUSE THERE ARE INSUFFICIENT ALLEGATIONS THAT DEFENDANTS WERE INVOLVED IN A COMMON SERIES OF TRANSACTIONS, AND BECAUSE THE SOUGHT AFTER DISCOVERY HAS THE POTENTIAL TO ENSNARE NUMEROUS INNOCENT INTERNET USERS INTO THE CASE.** FED. R. CIV. P. 20.

Permissive joinder of defendants is appropriate if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Each prong of this test must be met for proper joinder. In this case, plaintiff fails to satisfy each prong. As such, John Doe 4 should be dropped via Rule 21, which allows the court "at any time, on just terms, to add or drop a party." FED. R. CIV. P. 21.

In a BitTorrent case similar to the one at bar, this Court recently denied joinder and ordered severance and dismissal.

> Although there may be multiple individuals who distribute pieces of the same work and are thereby described as being in the same swarm, it is probable that different people within the swarm never distribute a piece of the work to the same person, or at the same moment in time. *Third Degree Films [Inc., v. John Does 1-4],* 280 *F.R.D.* [493] at 498 [D. Ariz. 2012] (finding that participation in the same swarm does not constitute the same transaction or occurrence or series of transactions or occurrences for purposes of joinder because a particular swarm "can last for many months" and "[d]uring those months, the initial participants may never overlap with later participants") . . . . Without more connecting them, 187 defendants who have distributed pieces of the work at different times cannot be permissively joined in this case. For joinder to be appropriate, Plaintiff must show a more definite connection between participants in the swarm, namely that the group of defendants sought to be joined have directly participated in the same transaction.
> *Amselfilm Prods. GMBH & Co. KG v. Swarm 6A6DC,* John Does 1-187, No. 12-03865 (ECF No. 12 at n. 1) (D.N.J. Oct. 10, 2012) (Hochberg, J.).

*Accord Third Degree Films, Inc., v. John Does 1-110,* No. 12-5817 (ECF No. 7 at 3) (D.N.J.

Jan. 17, 2013) (Falk, J.) (Judge Falk's Order denied the plaintiff's motion for Rule 45 subpoenas

and expedited discovery because

> Plaintiff's sought after discovery has the potential to ensnare numerous innocent
> internet users into the litigation placing a burden on them that outweighs Plaintiff's
> need for discovery as framed.).

This Court made the same findings and held similarly in four (4) cases in late February 2013.

*See* **Malibu Media, LLC***, v. John Does 1-11,* 12-07615 (ECF No. 8) (D.N.J. Feb. 26, 2013)

(Dickson, J.); *Modern Woman, LLC, v. Does 1-X,* 12-04859 (ECF No. 6) (D.N.J. Feb. 26, 2013)

(Dickson, J.); *Modern Woman, LLC, v. Does 1-X,* 12-04860 (ECF No. 6 at 7) (D.N.J. Feb. 27,

2013) (Dickson, J.); and *Modern Woman, LLC, v. Does 1-X,* 12-04858 (ECF No. 6 at 7) (D.N.J.

Feb. 27, 2013) (Dickson, J.).  In those cases, this Court denied the plaintiffs' requests to issue

Rule 45 subpoenas and obtain expedited discovery, but went even further by requiring that the

plaintiffs show cause why the Court should not recommend a *sua sponte* dismissal of the cases

without prejudice which would allow the plaintiff to re-file individual cases against putative

defendants.  **Malibu Media, LLC***, supra,* at 5;  *Modern Woman, LLC, supra,* at 9.[3]

  In another similar case, this Court recently quashed *sua sponte* the subpoenas sent to the

defendants' ISPs, except as to John Doe #1, and severed and dismissed all claims without

---

[3]*Accord Dragon Quest Productions, LLC, vs.. John Does 1-100,* No. 12-06611 (ECF No.
7) (D.N.J. Mar. 8, 2013) (Donio, J.);  *R&D Film 1, LLC, vs. John Does 1-28,* No. 13-00482
(ECF No. 4) (D.N.J. Feb. 13, 2013) (Donio, J.);  *R&D Film 1, LLC, vs. John Does 1-103,* No.
13-00483 (ECF No. 4) (D.N.J. Feb. 13, 2013) (Donio, J.);  *R&D Film 1, LLC, vs. John Does
1-104,* No. 13-00484 (ECF No. 4) (D.N.J. Feb. 13, 2013) (Donio, J.);  *R&D Film 1, LLC, vs.
John Does 1-105,* No. 13-00485 (ECF No. 4) (D.N.J. Feb. 13, 2013) (Donio, J.);  *R&D Film 1,
LLC, vs. John Does 1-31,* No. 13-00486 (ECF No. 4) (D.N.J. Feb. 13, 2013) (Donio, J.);  *R&D
Film 1, LLC, vs. John Does 1-28,* No. 13-00487 (ECF No. 4) (D.N.J. Feb. 13, 2013) (Donio, J.);
*R&D Film 1, LLC, vs. John Does 1-40,* No. 12-06633 (ECF No. 6) (D.N.J. Feb. 13, 2013)
(Donio, J.).

prejudice against all defendants except for John Doe #1, "[i]n order to promote case-management efficiency, judicial economy, and fairness . . . ." *See Patrick Collins, Inc., vs. John Does 1-43,* No. 12-03908 (ECF Nos. 33, 32 at 6) (D.N.J. Feb. 15, 2013) (Hayden, J.); *accord Malibu Media, LLC, vs. John Does 1-39,* No. 12-06945 (ECF No. 23) (D.N.J. March 28, 2013) (Arpert, J.).[4]

Multiple district courts across the country have rejected mass joinder in the context of BitTorrent infringement cases. *See, e.g.*, *West Coast Productions v. Does 1-13,* 12-30087 (ECF No. 20) (D. Mass. Mar. 14, 2013) (quashing all subpoenas and severing all Does except #1); *SBO Pictures, Inc., v. Does 1-3,036*, No. 11-04220 (ECF No. 14), 2011 WL 6002620 (N.D. Cal. Nov. 30, 2011) (same); *AF Holdings LLC v. Does 1-97*, No. 11-03067 (ECF No. 11), 2011 WL 2912909 (N.D. Cal. July 20, 2011) (same); *Pacific Century Int'l, Ltd., v. Does 1-101*, No. C-11-2533 (ECF No. 7), 2011 WL 2690142 (N.D. Cal. July 8, 2011) (severing all defendants but one due to lack of evidence that defendants were part of the same "swarm" in uploading the same initial files of a given work); *In re BitTorrent Adult Film Copyright Infringement Cases,* No. 12-01147 (ECF No. 4), 2012 WL 1570765 (E.D.N.Y. May 1, 2012);[5] *Liberty Media*

---

[4]In *Malibu Media vs. John Does 1-39,* No. 12-06945, *supra*, Judge Arpert reflected on his earlier decision in *Malibu Media, LLC, v. John Does 1-30,* No. 12-3896 (ECF No. 23) (D.N.J. Dec. 12, 2012), in which the Court had denied a motion to quash the subpoena and sever the defendants. In the more recent case, Judge Arpert found the reasoning in Judge Hochberg's, Judge Falk's and Judge Hayden's opinions in this District cited above to be more persuasive.

[5]The order in *In Re BitTorrent Adult Film Copyright Infringement Cases, supra,* from the Eastern District of New York, includes the cases of **Malibu Media, LLC** *v. John Does 1-26,* 12-1147 (ECF No. 4) (JS) (GRB); **Malibu Media, LLC**, *v. John Does 1-11,* 12-1150 (ECF No. 4) (LDW) (GRB); *Patrick Collins, Inc. v. John Does 1-9,* 12-1154 (ECF No. 25) (ADS) (GRB), and *Patrick Collins, Inc., v. Does 1-9,* No. 12-1154 (ECF No. 25) (LDW) (GRB), et al, and has been adopted or cited with approval in courts all over the country. *See, e.g., Bubble Gum Prods., LLC, v. Does 1-80*, No. 12-20367 (ECF No. 40), 2012 U.S. Dist. LEXIS 100203, 2012 WL 2953309 (S.D. Fla. July 19, 2012); *Patrick Collins, Inc., v. Does 1-37*, No. 12-1259 (ECF No. 5), 2012 U.S. Dist. LEXIS 96350, 2012 WL 2872832 (E.D. Cal. July 11, 2012); **Malibu Media,**

(continued...)

*Holdings, LLC, v. BitTorrent Swarm*, 277 *F.R.D.* 672 (S.D. Fla. 2011) (severing defendants);

*Liberty Media Holdings, LLC, v. BitTorrent Swarm*, 277 *F.R.D.* 669 (S.D. Fla. 2011) (severing

defendants); *Raw Films, Inc., v. Does 1-32*, No. 11-2939 (ECF No. 14), 2011 WL 6840590

(N.D. Ga. Dec. 29, 2011) (order severing defendants); *Patrick Collins, Inc., v. Does 1-35*, No.

11-02940 (ECF No. 26) (N.D. Ga. Dec. 19, 2011) (finding joinder inappropriate, quashing

subpoena, order severing and dismissing defendants); *K-Beech, Inc., v. Does 1-63,* No. 11-2941

(ECF No. 14) (N.D. Ga. Dec. 5, 2011) (order severing defendants); *Third Degree Films v. Does

1-3,577*, No. C-11-02768 LB (ECF No. 6), 2011 WL 5374569 (N.D. Cal. Nov. 4, 2011); *Hard

Drive Prods., Inc., v. Does 1-30*, No. 11-345 (ECF No. 19), 2011 WL 4915551 (E.D. Va.

Oct. 17, 2011) (severing defendants); *K-Beech, Inc., v. Does 1-78*, No. 11-5060 (ECF No. 13)

(E.D. Pa. Oct. 3, 2011) (order severing defendants).

-----

[5](...continued)
*LLC, v. Does 1-12*, No. 12-1261 (ECF No. 8), 2012 U.S. Dist. LEXIS 96351, WL 2872835 (E.D.
Cal. July 11, 2012); *Malibu Media, LLC, v. Does 1-7*, No. 12-1514 (ECF No. 5), 2012 U.S.
Dist. LEXIS 9633, 2012 WL 2872842 (E.D. Cal. July 11, 2012); *Malibu Media, LLC, v. Does
1-11*, No. 12-0237 (ECF No. 14), 2012 U.S. Dist. LEXIS 94648 (D.D.C. July 10, 2012); *Malibu
Media, LLC, v. Does 1-13*, No. 12-01513 (ECF No. 5), 2012 U.S. Dist. LEXIS 94705, 2012 WL
2800123 (E.D. Cal. July 9, 2012); *Millennium TGA, Inc., v. Comcast Cable Commc'n,* No.
12-00150 (ECF No. 28), 2012 WL 2371426 (D.D.C. June 25, 2012); *Patrick Collins, Inc., v.
Does 1-4*,  No. 12-2962 (ECF No. 7), 2012 U.S. Dist. LEXIS 82253, 2012 WL 2130557
(S.D.N.Y. June 12, 2012); *Media Products, Inc., v. Does 1-26*, No. 12-3719 (ECF No. 9), 2012
U.S. Dist. LEXIS 84111, 2012 WL 2190613 (S.D.N.Y. Sept. 4, 2012); *Zero Tolerance
Entertainment, Inc., v. Does 1-45*, No. 12-1083 (ECF No. 7), 2012 U.S. Dist. LEXIS 78834,
2012 WL 2044593 (S.D.N.Y. June 6, 2012); *SBO Pictures, Inc., v. Does 1-20,* No. 12-3925
(ECF No. 5), 2012 U.S. Dist. LEXIS 78268, 2012 WL 2034631 (S.D.N.Y. June 5, 2012);
*Patrick Collins, Inc., v. Does 1-6*, No. 12-2964 (ECF No. 7), 2012 WL 2001957 (S.D.N.Y.
June 1, 2012); *Malibu Media, LLC v. Does 1-5*, No. 12-2950 (ECF No. 7), 2012 U.S. Dist.
LEXIS 77469, 2012 WL 2001968 (S.D.N.Y. June 1, 2012); *Patrick Collins, Inc., v. Does 1-11*,
No. 12-1153 (ECF No. 4), 2012 U.S. Dist. LEXIS 75986 (E.D.N.Y. May 31, 2012); *Patrick
Collins, Inc., v. Does 1-7,* No. 12-2963 (ECF No. 9) (S.D.N.Y. May 24, 2012); *Aerosoft GMBH
v. Doe*, No. 12-21489 (ECF No. 6), 2012 U.S. Dist. LEXIS 68709 (S.D. Fla. May 16, 2012)
(Although the court initially permitted issuance of the subpoenas, they later were quashed. *See*
ECF No. 25 on Oct. 23, 2012); *Digital Sins, Inc., v. Does 1-245*, No. 11-8170 (ECF No. 18),
2012 U.S. Dist. LEXIS 69286, 2012 WL 1744838 (S.D.N.Y. May 15, 2012).

As one District Court noted in an order vacating a prior order granting leave to take

expedited discovery and quashing the related subpoena:

> [T]he Doe defendants have correctly asserted that the mass joinder of unrelated
> defendants is improper under Federal Rule of Civil Procedure 20.  Given the
> technical complexities of BitTorrent swarm functions . . . it appears unlikely that the
> Doe defendants engaged in any coordinated effort or concerted activity. . . .  Under
> these circumstances, permissive joinder under Federal Rule of Civil Procedure
> 20(a)(2) is not warranted.
> *Smash Pictures v. Does 1-590,* No. 12-00302 (ECF No. 21 at 2) (E.D. Cal. June 14,
> 2012).

*See also* **Malibu Media, LLC,** *v. Does 1-12,* No. 12-1261 (ECF No. 8 at n. 4), 2012 WL 2872835

at *4 (E.D. Cal. July 11, 2012) (improper joinder "appears endemic to BitTorrent file-sharing

cases such as this one.")

In addition to the multitude of cited decisions rejecting mass joinder of defendants based

solely on the allegation that they downloaded the same work from the same swarm, one decision

from the District of Arizona is particularly instructive.  In *Patrick Collins, Inc., v. Does 1-54*,

No. 11-1602 (ECF No. 34), 2012 WL 911432 (D. Ariz. Mar. 19, 2012), a BitTorrent copyright

case like the instant matter, the court faced a situation where only two defendants remained in

the action.  The court, after a thorough discussion of the joinder rules, determined that the

joinder of even 2 individuals based solely on the allegation that they participated in the same

swarm was improper.  In this case, we have 18.

The plaintiff in the above Arizona case alleged that the two remaining defendants

"participat[ed] in a BitTorrent swarm with other infringers," but did not claim that John Doe 6

provided data to the former John Doe 12, or vice versa.  *Id.* at 9.  The plaintiff included as

defendants only those IP addresses from the swarm in question that were located in Arizona,

demonstrating that the actions of the individual members of the swarm are easily distinguishable.

The plaintiff failed to allege any facts suggesting that those two particular defendants shared data

with each other, and provided data instead that they were logged on to BitTorrent weeks apart.

*Id.*  Thus, the court held that "Plaintiff has not demonstrated that John Doe 6 and the former John

Doe 12 engaged in a single transaction or occurrence . . ." and severed John Doe 6.  *Id.*

    As the preceding authorities illustrate, mass joinder in the context of BitTorrent infringe-

ment cases is not justified by FED. R. CIV. P. 20.  Exhibit A to Plaintiff's Complaint merely

shows that each alleged infringer of its alleged Work purportedly was logged onto BitTorrent

days, weeks, or even months, apart from the others.  Morever, there is no justification to allow

plaintiff here to know John Doe 4's identity and whereabouts because there are serious doubts as

to whether this individual or entity participated in any way with the "swarm" plaintiff alleges,

whether this defendant actually download a partial or a complete work, and as to whether she, he

or it violated any copyright.  To permit the subpoena to continue and permit continued joinder

necessarily would ensnare innocent individuals who should not be extorted in order to save

plaintiff on filing fees.  As the court in one such case aptly noted:

> The first problem is how Plaintiff concluded that the Defendants actually
> downloaded the entire copyrighted video, when all Plaintiff has as evidence is a
> "snapshot observation."  This snapshot allegedly shows that the Defendants were
> downloading the copyrighted work – at least at that moment in time.  But down-
> loading a large file like a video takes time; and depending on a user's Internet-
> connection speed, it may take a long time.  In fact, it may take so long that the user
> may have terminated the download.  The user may have also terminated the
> download for other reasons.  To allege copyright infringement based on an IP
> snapshot is akin to alleging theft based on a single surveillance camera shot: a photo
> of a child reaching for candy from a display does not automatically mean he stole it.
> No Court would allow a lawsuit to be filed based on that amount of evidence.
>     What is more, downloading data via the Bittorrent protocol is not like
> stealing candy.  Stealing a piece of a chocolate bar, however small, is still theft;  but
> copying an copyright claim, Plaintiff must show that Defendants copied the
> copyrighted work.  *Feist Publ'ns, Inc., v. Rural Tel. Serv. Co.,* 499 *U.S.* 340, 361
> (1991).  If a download was not completed, Plaintiff's lawsuit may be deemed
> frivolous.
>     In this case, Plaintiff's reliance on snapshot evidence to establish its
> copyright infringement claims is misplaced.  A reasonable investigation should
> include evidence showing that Defendants downloaded the entire copyrighted work

— or at least a usable portion of a copyrighted work.  Plaintiff has none of this — no evidence that Defendants completed their download, and no evidence that what they downloaded is a substantially similar copy of the copyrighted work. Thus, Plaintiff's attorney violated Rule 11(b)(3) for filing a pleading that lacks factual foundation.
*Ingenuity 13, LLC, v. John Doe,* No. 12-8333 (ECF No. 48 at 4-6) (C.D. Cal. Feb. 7, 2013)

Another problem with this case is that plaintiff will be unable to show that any actual infringer (if there actually is one) is the subscriber John Doe 4, and not some other person in this defendant's business or household, or a family guest or customer, or a neighbor, or a stranger driving by who may have leeched this defendant's internet access.

As a court noted in a series of these cases last year,

the subscriber information is not a reliable indicator of the actual infringer's identity. Due to the proliferation of wireless internet and wireless-enabled mobile computing (laptops, smartphones, and tablet computers), it is commonplace for internet users to share the same internet connection, and thus, share the same IP address. Family members, roommates, employees, or guests may all share a single IP address and connect to BitTorrent.  If the subscriber has an unsecured network, it is possible that the actual infringer could be a complete stranger standing outside the subscriber's home, using the internet service and who's internet activity is being attributed to the unknowing subscriber's IP address. Thus, obtaining the subscriber information will only lead to the person paying for the internet service and not necessarily the actual infringer.

It is even more unlikely that early discovery will lead to the identities of Defendants given how commonplace internet usage outside one's home has become. An increasing number of entities offer publically-accessible internet service; consider coffee shops, workplaces, schools, and even cities.  Mobile-computing allows internet users and copyright infringers, to connect to the internet in any such location.  A given entity may have hundreds or thousands of users in a one to two-month period.  Obtaining the subscriber information in these cases will only lead to name of the entity and is unlikely to yield any identifying information about the actual infringer.  Accordingly, granting early discovery for the subscriber information is not very likely to reveal the identities of Defendants.
***Malibu Media, LLC,*** *v. John Does,* No. 12-01642 (ECF No. 32 at 4-5) (D.C. Cal. Oct. 10, 2012) (internal citations omitted)

Courts are concerned that the copyright trolls like the plaintiff in this case abuse and manipulate the joinder mechanism in order to facilitate a low-cost, low-risk revenue model for the adult film companies owning the copyrights.  *Third Degree Films v. Does 1-47,* No.

17

12-10761 (ECF No. 31 at 21) (D. Mass. Oct. 2, 2012) (citing Christopher M. Swartout, Comment, *Toward a Regulatory Model of Internet Intermediary Liability:  File-Sharing and Copyright Enforcement,* 31 Nw. J. Int'l L. & Bus. 499, 509-510 (2011) (describing the "purely profit-driven," "low cost,"  "high volume campaigns to collect settlements from file-shares."). The copyright trolls "file a single cookie-cutter complaint alleging copyright infringement against tens, hundreds, or thousands of individuals based on their IP addresses, paying only a single $350.00 filing fee . . . .  *Id.* (citing James DeBriyn, *supra*, at 91).  As cited in numerous cases above, the courts largely have frowned upon this abuse of joinder as a method of extorting settlements from often-innocent persons.

Accordingly, the John Does in this case are improperly joined and there is good cause for this Court to vacate it's prior Order and Quash the Subpoena issued to Comcast to prevent the release of this defendant's identity, as well as to Sever and Dismiss John Doe 4 from this action.

**CONCLUSION**

Plaintiff herein has joined 18 unrelated individuals in this suit based solely on the allegation that they downloaded the same work through the same medium, though at entirely different times.  As recognized by multiple courts this country, mass joinder in the BitTorrent context is inappropriate.  For the reasons above, John Doe 4 respectfully requests entry of an Order Severing and Dismissing defendant from this action and Quashing the subpoena issued to ISP Comcast Cable Holdings, LLC, to prevent it from divulging defendant's name, address and other identifying information.

Respectfully submitted,
LESLIE A. FARBER, LLC


s/ Leslie A. Farber
Dated: April 3, 2013                    By:    Leslie A. Farber (LF:7810)

19