

NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

March 6, 2013

*Personal and Confidential*

*Via UPS & USPS Delivery*

Name and Address redacted

    Re:    *Malibu Media, LLC v. John Does 1-18*
            United States District Court for the District of New Jersey
            Docket No.: 2:12-cv-07789
            Order Entered: February 14, 2013
            Comcast File #: 452676

Dear Name & Address redacted

    Malibu Media, LLC has filed a federal lawsuit in the United States District Court for the District of New Jersey. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing Malibu Media, LLC's copyrights on the Internet by uploading or downloading a movie without permission. This was allegedly done using a device assigned the IP address 69.248.146.244 on 10/09/2012 04:38:24 GMT. The court has ordered Comcast to supply your name, address and other information to Malibu Media, LLC in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 2:12-cv-07789 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

    Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than April 10, 2013**. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than April 10, 2013**. Please note that Comcast cannot accept or file any legal action on your behalf. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

    If you have legal questions about this matter, please contact an attorney.

            Sincerely yours,

            Comcast Legal Response Center

Attachments:    Copy of Subpoena and accompanying Court Order regarding civil action

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the District of New Jersey

| Malibu Media, LLC | Civil Action No. 2:12-cv-07789-KM-MCA |
|---|---|
| *Plaintiff* | |
| v. | |
| John Does 1 - 18, | |
| *Defendants.* | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Comcast Cable Holdings, LLC
c/o CT Corporation
820 Bear Tavern Road, Ste 305
West Trenton, NJ. 08628
Telephone: (609) 538-1818

[X] *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the name, address, and telephone number of the defendant John Does listed in the below chart:

| Doe# | IP Address | Date/Time UTC |
|---|---|---|
| 1 | 24.0.103.102 | 10/28/2012 00:33:08 |
| 2 | 24.0.183.128 | 10/25/2012 05:25:15 |
| 3 | 68.37.194.11 | 11/10/2012 04:42:10 |
| 4 | 68.39.197.213 | 10/14/2012 19:26:45 |
| 5 | 68.39.43.69 | 11/06/2012 06:31:23 |
| 6 | 68.39.75.170 | 10/13/2012 16:59:44 |
| 7 | 68.44.34.83 | 10/21/2012 15:24:00 |
| 8 | 68.45.153.154 | 10/13/2012 03:50:24 |
| 9 | 69.248.146.244 | 10/09/2012 |

1

| | | |
|---|---|---|
| | | 04:38:24 |
| 10 | 69.248.210.37 | 10/11/2012 17:44:40 |
| 11 | 69.248.4.114 | 11/09/2012 05:45:12 |
| 12 | 71.226.230.48 | 11/06/2012 19:36:37 |
| 13 | 76.116.228.4 | 10/15/2012 06:07:52 |
| 14 | 76.117.150.59 | 10/29/2012 07:26:21 |
| 15 | 76.117.40.16 | 10/10/2012 23:31:01 |
| 16 | 76.98.223.195 | 10/31/2012 04:25:04 |
| 17 | 98.221.124.34 | 10/18/2012 20:16:27 |
| 18 | 98.221.127.230 | 10/14/2012 17:08:06 |

| Place: Patrick J. Cerillo, Esq.<br>Patrick J. Cerillo, LLC<br>4 Walter Foran Boulevard<br>Suite 402<br>Flemington, NJ 08822 | Date and Time:<br>APRIL 15, 2013 @ 9:30 a.m. |
|---|---|

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: February 22, 2013

CLERK OF COURT

_____   OR   _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*
                                           Patrick J. Cerillo, Esquire

2

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
Patrick J. Cerillo, Esq., Patrick J. Cerillo, LLC, 4 Walter Foran Boulevard, Suite 402, Flemington, NJ 08822 Telephone: (908) 284-0997, Email: pjcerillolaw@comcast.net

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 3)

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.*

These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

4

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) **Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Case 2:12-cv-07789-KM-MCA   Document 10-2   Filed 04/07/13   Page 7 of 9 PageID: 188
Case 2:12-cv-07789-KM-MCA   Document 7   Filed 02/15/13   Page 1 of 3 PageID: 101
Case 2:12-cv-07789-KM-MCA   Document 4-9   Filed 01/11/13   Page 1 of 3 PageID: 93

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOES 1-18,<br>　　　　　Defendants. | Civil Action No. 2:12-cv-07789-KM-MCA |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE

THIS CAUSE came before the Court upon Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (the "Motion"), *and no responsive pleading having been filed,* and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

1. Plaintiff established that "good cause" exists for it to serve third party subpoenas on the Internet Service Providers listed on Exhibit A to the Motion (the "ISPs"). See UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008); and Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

2. Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

1

Case 2:12-cv-07789-KM-MCA   Document 10-2   Filed 04/07/13   Page 8 of 9 PageID: 189
Case 2:12-cv-07789-KM-MCA   Document 7   Filed 02/19/13   Page 2 of 3 PageID: 102
Case 2:12-cv-07789-KM-MCA   Document 4-9   Filed 01/11/13   Page 2 of 3 PageID: 94

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants.

4. Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. ~~The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers.~~ If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

6. If any particular Doe Defendant has been voluntarily dismissed then any motion filed by said Defendant objecting to the disclosure of his or her identifying information ~~is hereby~~ may be denied as moot. Notwithstanding the foregoing, the applicable ISP shall withhold the moving

2

Case 2:12-cv-07789-KM-MCA   Document 10-2   Filed 04/07/13   Page 9 of 9 PageID: 190
Case 2:12-cv-07789-KM-MCA   Document 7   Filed 02/15/13   Page 3 of 3 PageID: 103
Case 2:12-cv-07789-KM-MCA   Document 4-9   Filed 01/11/13   Page 3 of 3 PageID: 95

Defendant's identifying information from Plaintiff unless and until Plaintiff obtains a subsequent court order authorizing the disclosure.

7. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint. (*)

DONE AND ORDERED this 4th day of February, 2013.

By: _____
UNITED STATES Magistrate JUDGE
Madeline Cox Arleo

(*) In light of the Court's ruling herein, the Court dismisses as moot plaintiff's motion for expedited hearing on its motion for leave to serve third party subpoenas prior to the Rule 26(f) conference. (Dkt. #6).

3