## DECLARATION OF CHRISTINA E. SAUNDERS

I, Christina E. Saunders, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746(2) that the following statements are true and correct:

1. I am an attorney in good standing in the State of Colorado. I have been duly admitted to the practice of law in the state and federal courts of State of Colorado and am competent to testify as to all the matters declared herein.

2. I represent multiple different individuals who all separately received letters from their Internet Service Providers regarding a subpoena issued by Malibu Media, LLC in connection with a lawsuit pending in the United States District Court for the District of Colorado.

3. It appears that in Colorado, Malibu Media is represented by the same attorney in all of its pending cases, namely Jason Kotzker of the Kotzker Law Group.

4. I have personal knowledge that Plaintiff Malibu Media uses third party professional settlement negotiators. These settlement negotiators will only communicate verbally over the phone.

5. In the course of representing at least ten Defendants against Malibu Media LLC, I have communicated exclusively with a settlement negotiator/appointed agent of Malibu Media LLC named Elizabeth Jones, who denotes upon inquiry that she is "The Client," on behalf of Malibu Media LLC.

6. During the course of my representation of at least one individual client, I have explicitly offered, in writing, to Malibu Media's attorney, Mr. Kotzker, near total and unfettered access to my client's home networks and associated computers as an offer of proof as to their innocence.

7. During the course of my representation of other individual clients, I have explicitly offered, verbally, to appointed agent of Malibu Media, Elizabeth Jones, near total and unfettered access to my client's home networks and associated computers as an offer of proof as to their innocence.

8. Either Mr. Kotzker or the appointed representative/agent of Malibu Media LLC either ignored or refused these offers.

9. I am aware that Malibu Media, and in particular its counsel Mr. Kotzker, have been admonished by other courts for similar litigation actions. See *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 U.S. Dist. LEXIS 61447 at *28 (E.D.N.Y. 2012) ("In this case, John Doe #16 offered the plaintiff "unfettered access" to his computer and employment records demonstrating that he was not at home at the time of the downloading, yet still finds himself pressured to settle for thousands of dollars. It would be difficult to characterize such a resolution as "just" even if speedy and inexpensive for the plaintiff.") The court further noted that it appeared that "plaintiffs ha[d] employed abusive litigations tactics to extract settlements from John Doe defendants"). *Id.* at 19.

1


Exhibit C - 1
EXHIBIT A

10. Should this, or any Court wish for me to provide additional information I will do so under seal. In addition, should this, or any Court wish for me to provide live testimony I will do so at the Court's request.

Dated this 19th Day of September, 2012

_____
Christina E. Saunders
Colorado Bar #42723
Nouveau Law LLC
216 16th Street, Denver, CO 80202
Tel/Fax: 720-204-5671
E-mail: Christina@nouveaulaw.com

## DECLARATION OF JOHN A. ARSENAULT

I, JOHN A. ARSENAULT, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746(2) that the following statements are true and correct:

1. I am an attorney in good standing in the State of Colorado. I have been duly admitted to the practice of law in the state and federal courts of State of Colorado and am competent to testify as to all the matters declared herein.

2. I represent multiple different individuals who all separately received letters from their Internet Service Providers regarding a subpoena issued by Malibu Media, LLC in connection with a lawsuit pending in the United States District Court for the District of Colorado.

3. It appears that in Colorado, Malibu Media is represented by the same attorney in all of its pending cases, namely Jason Kotzker of the Kotzker Law Group.

4. I have personal knowledge that Plaintiff Malibu Media uses third party professional settlement negotiators. These settlement negotiators will only communicate verbally over the phone.

5. During the course of my representation of at least ten individual clients, I have explicitly offered to Malibu Media's attorney, Mr. Kotzker -- or any appointed agent -- near total and unfettered access to my client's home networks and associated computers as an offer of proof as to their innocence.

6. These offers were refused by Mr. Kotzker.

7. I am aware that Malibu Media, and in particular its counsel Mr. Kotzker, have been admonished by other courts for similar litigation actions. See *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 U.S. Dist. LEXIS 61447 at *28 (E.D.N.Y. 2012) ("In this case, John Doe #16 offered the plaintiff "unfettered access" to his computer and employment records demonstrating that he was not at home at the time of the downloading, yet still finds himself pressured to settle for thousands of dollars. It would be difficult to characterize such a resolution as "just" even if speedy and inexpensive for the plaintiff.") The court further noted that it appeared that "plaintiffs ha[d] employed abusive litigations tactics to extract settlements from John Doe defendants"). *Id.* at 19.

8. Should this, or any Court wish for me to provide additional information I will do so under seal. In addition, should this, or any Court wish for me to provide live testimony I will do so at the Court's request.

_____
JOHN A. ARSENAULT

9/19/2012

1

Exhibit C - 3

# DECLARATION OF DAVID S. KERR

I, David S. Kerr, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746(2) that the following statements are true and correct:

1. I am an attorney in good standing in the State of Colorado. I have been duly admitted to the practice of law in the state and federal courts of State of Colorado and am competent to testify as to all the matters declared herein.

2. I represent multiple different individuals who all separately received letters from their Internet Service Providers regarding a subpoena issued by Malibu Media, LLC in connection with a lawsuit pending in the United States District Court for the District of Colorado.

3. It appears that in Colorado, Malibu Media is represented by the same attorney in all of its pending cases, namely Jason Kotzker of the Kotzker Law Group.

4. I have personal knowledge that Plaintiff Malibu Media uses third party professional settlement negotiators. These settlement negotiators will only communicate verbally over the phone.

5. During the course of my representation of at least three individual clients, I have explicitly offered to Malibu Media's attorney, Mr. Kotzker -- or any appointed agent -- near total and unfettered access to my client's home networks and associated computers as an offer of proof as to their innocence.

6. These offers were refused by Mr. Kotzker.

7. I am aware that Malibu Media, and in particular its counsel Mr. Kotzker, have been admonished by other courts for similar litigation actions. See *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 U.S. Dist. LEXIS 61447 at *28 (E.D.N.Y. 2012) ("In this case, John Doe #16 offered the plaintiff "unfettered access" to his computer and employment records demonstrating that he was not at home at the time of the downloading, yet still finds himself pressured to settle for thousands of dollars. It would be difficult to characterize such a resolution as "just" even if speedy and inexpensive for the plaintiff.") The court further noted that it appeared that "plaintiffs ha[d] employed abusive litigations tactics to extract settlements from John Doe defendants"). *Id*. at 19.

8. Should this, or any Court wish for me to provide additional information I will do so under seal. In addition, should this, or any Court wish for me to provide live testimony I will do so at the Court's request.

/s/ David S. Kerr                             9/19/2012
David S. Kerr
Santangelo Law Offices, P.C.

## DECLARATION OF LINDSEY V. MANESS, JR.

I, Lindsey V. Maness, Jr., declare that I am a named Defendant in *Malibu Media v. Lindsey Maness, Jr.*, Case No. #1:12-cv-01873-RBJ-MEH pending in the U.S. District Court of Colorado.

I am 66 years old and I have never downloaded any movie through a Bit Torrent or any other program in my life, let alone Malibu Media's pornographic movies. I am also not aware of anyone who may have downloaded such movies, if in fact the alleged act ever even occurred. Regardless, in response to the lawsuit against me I have repeatedly attempted to contact Malibu Media's attorney Jason Kotzker to offer proof that I am innocent of the charges leveled against me. Specifically, on at least three separate occasions I have made verbal/written offers to Mr. Kotzker to allow him to inspect all internet capable devices that were in my possession during the time of the alleged infringement so that he could verify that none of Plaintiff's copyrighted materials nor any Bit Torrent software are/were on any of these computers. Mr. Kotzker has not responded to these offers.

I was dismayed that Plaintiff failed to take this opportunity to investigate the matter prior to filing the lawsuit against me. I have also offered to sign an affidavit confirming that I have not destroyed or altered any evidence in any way, nor am I aware of anyone who downloaded the works in question, if in fact such an event even occurred. Again, Mr. Kotzker did not respond to this offer.

Furthermore, I have already provided Plaintiff evidence of my innocence which was apparently ignored. In particular, in a letter dated 2012-06-28 (Attn: Ms. Lauren Michaels for Colorado Attorney Jason Kotzker, with certain documentation attached), I indicated that during at least some of the time which Plaintiff alleges that the copyrighted material was being copied, I did not even have access to my computer or E-Mail, due to a verifiable hacking incident. As I stated in that letter, this incident can be verified by communications from Comcast and "Geek Squad" representatives who helped me resolve the matter. Indeed, as I stated in that same letter that I had tried to discover the identity of the hacker and traced it back to an account in the name of "Mahouene@Hotmail.com." I do not know who this person is. I further stated that the above-mentioned hacking incident forced me to install a new Operating System (OS) on my computer to enable me to even use the computer which can be verified with records of purchase of the new OS and the copying of all my previous files which were transferred onto an external hard drive by Geek Squad, which I have also offered to Plaintiff for forensics analyses to verify the truth of this assertion. Again, Mr. Kotzker did not respond to this offer of proof.

I believe that Plaintiff wishes to remain blind to any evidence of my innocence to use the cost and potential embarrassment of a lawsuit to quickly leverage a profitable settlement.

*Lindsey V. Maness*
Lindsey V. Maness, Jr.,

2012-09-19
Date

1

Exhibit C - 5