Morgan E. Pietz (Cal. Bar No. 260629)*
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile : (310) 546-5301

*  *Pro Hac Vice Application Pending*

Peter C. Dee
Mavronicolas Mueller & Dee LLP
950 Third Avenue, 10th Floor
New York, NY 10022
pdee@mavrolaw.com
Telephone:  (646) 770-1256
Fax:  (866) 774-9005

*Attorneys for Putative John Doe in 2:12-cv-07789*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN DOES 1-18,<br><br>      Defendant. | Case No. 2:12-cv-07789-KM-MCA<br><br>Case Assigned to:<br>District Judge Kevin McNulty<br><br>Discovery Referred to:<br>Magistrate Judge Madeline C. Arleo<br><br>**[PROPOSED] ORDER GRANTING PUTATIVE JOHN DOE'S MOTION TO SEVER AND QUASH** |

On April 10, 2013, a putative John Doe defendant in this action filed a motion asking that the Court:

(1) ***Sever and dismiss without prejudice all of the John Does, other than John Doe No. 1*** from the instant action, pursuant to Fed. R. Civ. Proc. 20(a)(2), Fed. R. Civ. Proc. 20(b), and Fed. R. Civ. Proc. 21, on the following grounds:

(A) Connection Between Does is ***Indefinite***, Joinder Not Permissible. Plaintiff's theory of "swarm joinder" is being rejected by a majority of Courts across the country. *E.g., Digital Sins, Inc. v. John Does 1-245*, S.D.N.Y. Case No. 11-cv-8170, Dkt. No. 18, 5/15/12, p. 3 (McMahon, J.) (severing Does, collecting cases and noting "[t]here is no need for this Court to write another lengthy opinion discussing why plaintiff's theory is wrong"). Further, Joinder is impermissible under Rule 20(a)(2)(A) because plaintiff has not met its burden of showing that there is a "logical relationship" between the defendants that is sufficiently definite and direct to support joinder. *See, e.g., Patrick Collins, Inc. v. John Does, et al.*, C.D. Cal. Case No. 12-cv-5267-JVS-RNB, ECF No. 21, 11/5/12 (holding that on the Ninth Circuit there must be a "very definite logical relationship" to support joinder under Rule 20 so Doe defendants in BitTorrent case must be severed); *Patrick Collins, Inc. v. John Does 1 through 9*, S.D. Cal. Case No. 12-cv-1436-H-MDD, ECF No. 23, 11/8/12 ("the majority view among district courts within the Ninth Circuit is that allegations of swarm joinder are alone insufficient for joinder". . . "Doe Defendants' alleged conduct therefore lacks the type of 'very definite logic relationship' required to permit joinder."); *quoting Bautista v. Los Angeles County*, 216 F.3d 837, 842-843 (9th Cir. 2000); *Hubbard v. Hougland*, No. 09-0939, 2010 U.S. Dist. LEXIS 46184, at *7 (E.D. Cal. Apr. 5,2010) (quoting *Bautista); Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960) (origin of "very definite logical relationship" standard on Ninth Circuit that was later applied in *Bautista*).

Magistrate Judge Arpert of the District of New Jersey is one of a growing number of Judges who initially allowed "swarm joinder" in cases in 2011 or 2012,

but who have recently revisited the issue and changed course. *Malibu Media, LLC v. John Does # 1-39,* D. N.J. No. 3:12-cv-6945-MAS-DEA, ECF No. 23, 3/28/13 (Arpert, J.) ("the Court has been asked to revisit its findings in Malibu Media, denying the motions to sever and/or dismiss, based on several recent decisions issued in the District of New Jersey. . . Upon further reflection and analysis of recent authority, the Court is concerned that its ability to efficiently manage the pretrial phases of this action with the present number of defendants could be compromised by permitting joinder, causing a strain on judicial resources. Moreover, the Court now shares the concerns raised in Amselfilm Productions, and echoed in Patrick Collins, about the requisite causal connection needed to support permissive joinder under Rule 20. The Court, therefore, adopts the reasoning of those cases and, pursuant to Fed. R. Civ. P. 21, will sever and dismiss Plaintiff's claims against all defendants except John Doe # 1.") *citing Amselfilm Productions GMBH & CO. KG v. SWARM 6A6DC*, Civ. No. 12-3865-FSH-PS, dkt. no. 12 (D.N.J. Oct. 10, 2012) (Hochberg, J.) (Order granting request to sever); *Patrick Collins v. John Does 1-41*, Civ. No. 12-3908-KSH-PS, dkt. no. 32 (D.N.J. Feb. 15, 2013); (Hayden, J.) (Opinion granting motion to sever and dismiss); *Third Degree Films, Inc. v. John Does 1-110*, Civ. No. 12-5817-WJM-MF, dkt. no. 7 (D.N.J. Jan. 17, 2013) (Falk, J.) (Order denying motion for expedited discovery without prejudice).

        (B)    Temporal Gap. Plaintiff alleges that the John Does downloaded pieces of pornographic *movies **months** apart from one another*. Thus, even if the "swarm joinder" theory were good law, given the temporal gap here, the Does in this case are not part of the "same swarm," and therefore the downloads are not part of the same "transaction or occurrence." *E.g., Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, docket no. 7, 6/27/12, p. 5 ("The loose proximity of the alleged infringements (March 5, 2012–April 12, 2012) does not show that these Defendants participated in the same swarm"); *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. August 23, 2011)

Case No. 11-cv-01566, Dkt. No. 18 ("*Hard Drive Prods.*") (same, 63 days); *DigiProtect USA Corp. v. Doe*, 2011 U.S. Dist. LEXIS 109464, 8-9 (S.D.N.Y. Sept. 26, 2011) (for defendants to be part of same "swarm," must have downloaded movies at "overlapping" times).

      (C)    Discretionary Severance. Even if joinder were permissible, the Court should still sever the Does a matter of the Court's discretion, per Fed. R. Civ. Proc. 20(b) and Fed. R. Civ. Proc. 21. Even though some courts have previously found "swarm joinder" to be appropriate at this stage of litigation, discretionary severance should be granted because: (a) although there are a few common questions of law or fact such that the second prong of joinder test is technically satisfied (Fed. R. Civ. Proc. 20(a)(2)(B)), the different factual circumstances (*e.g.*, who had access to the wireless network?) and legal defenses as between the different John Doe defendants will predominate; (b) allowing "swarm joinder" results in this Court missing out on substantial sums in statutorily-required filing fees; (c) in view of the "abusive litigation tactics" employed by Malibu Media and its lawyers in similar cases nationwide; (d) the Court should review the prior record of the plaintiff's cases in this district and sever the Does to discourage forum shopping, given that this district is quickly becoming a preferred forum for these kinds of coercive lawsuits; (e) an equally efficient yet more just way to handle these cases, rather than joinder of multiple Does into a single action, would be to sever the Does, but then relate and consolidate the single-Doe actions for certain purposes (such as pre-service discovery, motions to quash, etc.), as appropriate, per Fed. R. Civ. Proc. 42. *See, e.g., Malibu Media, LLC v. John Does 1-28*, M.D. Fl. Case No. 8:12-cv-1667, ECF No. 22, 12/6/12 (Whittemore, J.) (Judge explained that although he had previously found swarm joinder to be technically proper in a prior case, further consideration of the equitable concerns at issue justified discretionary severance); *Third Degree Films v. Does 1-47*, ___ F. Supp. 2d ___, D. Mass. Case No. 12-10761, ECF No. 31, 10/2/12, 2012 WL 4498911 (same).

(2) **Quash All Outstanding Subpoenas**, pursuant to Fed. R. Civ. Proc. 45(c)(3), on the following grounds:

(A) <u>Does 2 And Above</u>. Obviously, it follows that when Courts sever and dismiss John Does without prejudice further to granting a motion to sever, those Courts also quash outstanding subpoenas for the severed John Doe defendants. *In re: BitTorrent Adult Film Copyright Infringement Cases,* 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012) Case No. CV-11-3995-DRH-GRB, Dkt. No. 39, pp. 23-25; *Digital Sins, Inc. v. John Does 1-245*, S.D.N.Y. Case No. 11-cv-8170, Dkt. No. 18, 5/15/12, p. 7 ("Because I have severed and dismissed all of the claims against the defendants, I hereby, *sua sponte*, quash any subpoena that may be outstanding to any Internet service provider seeking information about the identity of any John Doe other than John Doe 1. Plaintiff is directed to send a copy of this order within 24 hours of its issuance to any and every internet service provider who has been served with a subpoena for any information concerning any other John Doe defendant."). To do otherwise would only encourage plaintiffs to try and avoid paying statutorily required filing fees by mis-joining as many Does as possible, and then forcing the Does to file, and the Court to hear, motions for severance.

(B) <u>John Doe No. 1</u>. A more interesting question remains with respect to what to do about the John Doe number one who is left in the case subsequent to severance. The same question confronts courts in the single John Doe lawsuits that Malibu Media is now filing in most districts other than the District of New Jersey.[1] However, for the following reasons, the Courts should quash *all* the subpoenas, even the subpoena seeking information for John Doe No. 1:

---

[1] The District of New Jersey appears to be one of the few jurisdictions left where Malibu Media is still trying to push the "swarm joinder" theory. Perhaps Malibu Media is hopeful that because its cases are parceled out to multiple Judges of this Court, it can still get some one of them to bite on "swarm joinder" despite recent adverse rulings in the District of New Jersey. Presumably in recognition of the string of defeats Malibu Media suffered on "swarm joinder," most of its more recent cases have been filed as single-defendant actions. Dec'l. of Morgan E. Pietz, ¶ 29.

        i. <u>Subpoenas Alone Not "Very Likely" to Identify Defendants</u>.

The subpoenas should be quashed because they are not "very likely" to reveal the identities of the actual defendants. *Hard Drive Prods., supra* (denying early discovery because "It is abundantly clear that plaintiff's requested discovery is not '**very likely**' to reveal the identities of the Doe defendants."); *citing Gillespie v. Civiletti,* 629 F.2d 637, 642–43 (9th Cir. 1980); *see also, e.g., AF Holdings LLC v. Does 1-96*, N.D. Cal. No. 11-cv-3335-JSC, Dkt. No. 14, 9/27/11, p. 6 (denying requested early discovery because it was not "***very likely*** to enable Plaintiff to identify the doe defendants."); *AF Holdings, LLC v. John Doe*, D. Min. Case No. 12-cv-1445, Dkt. No. 7, 7/5/12 (denying early discovery because "the requested discovery was '**not very likely**' to reveal the identity of the alleged infringer").

  In essence, the problem in a case like this is that although the subpoena is a *necessary* first step in identifying an actual infringer, the subpoena alone is not a *sufficient* means to achieve that end.  And plaintiff presents no discovery plan as to how it will take a subpoena return listing **ISP subscribers** who pay the Internet bill for their households, and then use that information to identify actual **John Doe defendants** who will then be served.  What plaintiff's past experience strongly suggests is that it does not really care to identify actual defendants; rather, plaintiff simply wants to leverage "settlements" from as many ISP subscribers as possible, upon threat of publicly "naming" them in a lawsuit alleging that they downloaded pornography, regardless of whether they committed the alleged infringement or not. Plaintiff *may* be able to propose a reasonable, good faith discovery plan that would make the subpoenas *more likely* to result in identification of actual defendants, but it has not done so here.  In short, before being given the keys to discovery, a plaintiff in this kind of case should be required to explain "how it would proceed to uncover the identity of the actual infringer once it has obtained subscriber information— given that the actual infringer may be a person entirely unrelated to the subscriber— while also considering how to minimize harassment and embarrassment of innocent

citizens." *Ingenuity 13, LLC v. John Doe*, C.D. Cal. No. 12-cv-8333-ODW, ECF No. 28, 12-20-12 (order vacating subpoena in single Doe case, requiring plaintiff to explain how it would use ISP subscriber information prior to being allowed to issue a new subpoena; identical order entered in 45 related, single-Doe cases).

      (ii) <u>1st Amendment Implicated, Heightened Scrutiny Required.</u>
Although it is not necessarily obvious, the subpoenas at issue here implicate a limited First Amendment right to anonymity.[2] And while many courts rightly conclude that file sharing is not really pure speech, and thus afforded only very limited First Amendment protection (such a limited right must often give way to a copyright infringement plaintiff's need for civil discovery), the upshot is that is that the Court must apply heightened scrutiny in analyzing the subpoenas. *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566; *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, (N.D. Cal. 2002). Here, the subpoenas fail on two of the so-called *Sony Music* or *Semitool* factors: (1) plaintiff has not demonstrated that the subpoenas would be "very likely" or even "reasonably likely" to result in service of process. S*ee Hard Drive Prods., supra*, at p. 11; *see also* Section 2(b)(ii), *supra*. Further, (2) for the reasons addressed above, the complaint could not withstand a hypothetical motion to dismiss all John Does other than John Doe No. 1 for misjoinder, *Hard Drive Prods., supra,* pp. 3, 8–10 (plaintiff must show that its "suit against defendant could withstand a motion to dismiss."); *Patrick Collins v. John Does 1-54,* 2012 U.S. Dist. LEXIS 36232, *8 (D. Ariz. Mar. 19, 2012). Finally, (3) the "snapshot" observations of infringement alleged in the complaint could not

---

[2] *See Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (surveying case law and concluding "that the use of P2P file copying networks to download, distribute, or make sound recordings available qualifies as speech entitled to First Amendment protection."); *Call of the Wild Movie, LLC v. Does 1-1,062*, D.D.C. Case No. CV-10-455, Dkt. No. 40, 3/22/2011, p. 21 (Howell, J.) ("file-sharers are engaged in expressive activity, on some level, when they share files on BitTorrent, and their First Amendment rights must be considered before the Court allows the plaintiffs to override the putative defendants anonymity by compelling production of the defendants' identifying information.")

withstand a Rule 12(b)(6) motion. *See Ingenuity 13, LLC v. John Doe*, C.D. Cal. No. 12-cv-8333-ODW, ECF No. 48, 2/7/13, pp. 4–5 (OSC re: Sanctions). Accordingly, all of the subpoenas should be quashed, including the subpoenas seeking contact information for John Doe No. 1.

If the plaintiff truly wants the subpoena information for the IP address associated with John Doe No. 1 in order to identify an actual defendant (and not just to leverage a "settlement" from the ISP subscriber), then plaintiff should have no objection to providing the kind of discovery plan required by Judge Wright as a precondition to issuing an ISP subpoena. *See, e.g., Ingenuity 13, LLC v. John Doe*, C.D. Cal. No. 12-cv-8333-ODW, ECF No. 28, 12-20-12 (order vacating subpoena in single Doe case, requiring plaintiff to explain how it would use ISP subscriber information prior to being allowed to issue a new subpoena; identical order entered in 45 related, single-Doe cases).

This matter, having been duly briefed and considered,

THIS ____ DAY OF _____, 2013, It is hereby **ORDERED** that the Motion is **GRANTED**, as follows:

**ORDERED,** that all John Does other than John Doe number one are hereby severed and dismissed from this action without prejudice. Plaintiff may refile new cases, one at a time, after paying the requisite filing fee for each case.

**ORDERED**, that all subpoenas previously authorized by this Court in this matter are hereby **QUASHED**, including the subpoenas for John Doe number one. The plaintiff may re-apply for leave to obtain a subpoena for John Doe number one by making a new motion wherein plaintiff describes how it would proceed to uncover the identity of the actual infringer once it has obtained subscriber information—given that the actual infringer may be a person entirely unrelated to

the subscriber—while also considering how to minimize harassment and embarrassment of innocent citizens.

**ORDERED**, that plaintiff shall serve each ISP on which it has issued a subpoena in this case within 24 hours of the date of issuance of this order, and shall file a proof of service on the docket after it has done so.

**ORDERED**, that plaintiff and its counsel shall comply with this procedure, meaning filing cases against single defendants, in all similar cases filed in this Court, and plaintiff shall pay strict attention to the Court's related case rule, including by filing a Notice of Related Cases for all pending cases in this district.

**IT IS SO ORDERED**.

_____

Hon. Kevin McNulty
United States District Judge