NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MALIBU MEDIA, LLC,<br>*Plaintiff* | : <br> : <br> : <br> : <br> : | Civil Action No. 12–07789 (KM)(MCA) <br><br> OPINION |
| v. <br><br> JOHN DOES 1-18, <br><br> *Defendants.* | : <br> : <br> : <br> : <br> : <br> : | |

**ARLEO, United States Magistrate Judge:**

This is an action for copyright infringement. Currently before the Court are the following motions:

- Defendant John Doe 4's ("John Doe 4")[1] motion to sever and dismiss for improper joinder pursuant to Federal Rule of Civil Procedure 20 ("Rule 20"), and motion to quash Plaintiff Malibu Media, LLC's ("Malibu" or "Plaintiff") subpoena pursuant to Federal Rule of Civil Procedure 45 ("Rule 45") issued and served upon Comcast Cable Holdings, LLC ("Comcast") on February 22, 2013. (Dkt. No. 9). On April 22, 2013, Plaintiff filed an opposition memorandum. (Dkt. No. 17). On April 29, 2013, John Doe 4 filed a reply brief. (Dkt. No. 21).

- Defendant John Doe 9's ("John Doe 9")[2] motion to sever and dismiss for improper joinder pursuant Rule 20, and motion to quash Plaintiff's subpoena pursuant to Rule 45 issued and served upon Comcast on February 22, 2013. (Dkt. No. 10). On April 22, 2013, Plaintiff filed an opposition memorandum. (Dkt. No. 18). On April 29, 2013, John Doe 4 filed a reply brief. (Dkt. No. 22).

- Defendant John Doe 14's ("John Doe 14")[3] motion to quash or vacate Plaintiff's subpoena pursuant to Rule 45 issued and served upon Comcast on February 22, 2013.

---

[1] John Doe 4 is alleged as having IP address 68.39.197.213.
[2] John Doe 9 is alleged as having IP address 69.248.146.244.
[3] John Doe 9 is alleged as having IP address 76.117.150.59.

1

(Dkt. No. 12). On April 22, 2013, Plaintiff filed an opposition memorandum. (Dkt. No. 19).

Given the similarity of John Doe 4 and 9's motions to sever and to quash the subpoenas and their underlying arguments,[4] the Court will address the motions jointly in this opinion. For the reasons set forth below, the Court **GRANTS** the motions of John Does 4 and 9 to sever and dismiss the action against them without prejudice. Additionally, the Court **GRANTS** the motions of John Does 4 and 9 to quash the subpoenas issued to Comcast without prejudice, and the Court *sua sponte* quashes the subpoenas issued to Comcast for John Does 1, 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 15, 16, 17, and 18, since they are no longer parties to this action. (Dkt. Nos. 24, 26).[5] Finally, the Court **DENIES** the motion of John Doe 14 to quash the subpoenas issued to Comcast.

I.     FACTUAL BACKGROUND

This action is one of many similar internet copyright infringement actions in this District and across the country. Plaintiff Malibu Media filed a Complaint on December 19, 2012 (Dkt. No. 1), and an Amended Complaint on February 21, 2013 (Dkt. No. 8), against eighteen (18) John Doe Defendants alleging copyright infringement in violation of 17 U.S.C. §§ 106 and 501 and contributory copyright infringement. The Complaint alleges that Malibu Media is a limited liability company organized and existing under the laws of the State of California with its principal place of business in California. (Id. at ¶ 6). Plaintiff alleges that it owns certain United States Copyright Registrations, which cover different motion pictures (collectively the "Works"). (Id. at ¶ 11, Ex. B). Defendants are unnamed individuals accused of downloading Plaintiff's

---

[4] These motions are virtually identical except for the names of the respective defendants.
[5] Plaintiff has previously voluntarily dismissed its complaint against Defendant John Does 1, 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 15, 16, 17, and 18. (Dkt. Nos. 24, 26).

2

Works at different times on different dates. (Id. at Ex. B). These defendants are identifiable to Plaintiff only by their Internet Protocol ("IP") addresses and not by name or address. (Id. at ¶ 7).

Plaintiff alleges that each Defendant installed BitTorrent, a common peer-to-peer file sharing protocol, on his or her computer, and went to a torrent site to upload and download Plaintiff's copyrighted Works. (Id. at ¶¶ 12–26). Plaintiff further alleges that Defendants joined a "swarm" where they trade with multiple peers so that they are each able to ultimately download full files and view a Work or Works. (Id. at ¶¶ 27–33). Plaintiff retained IPP, Limited ("IPP"), a computer investigator, "to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet to reproduce, distribute, display or perform Plaintiffs' copyrighted Works." (Id. at ¶ 34).

Because the John Doe Defendants' identities are unknown to Plaintiff other than by their IP addresses, on January 11, 2013, Plaintiff moved for Leave to Serve Third Party Subpoena prior to a Rule 26(f) conference. (Dkt. Nos. 4, 4.1). On February 14, 2013, this Court granted Plaintiff's motion. (Dkt. No. 7). Subsequently, on February 22, 2013, Plaintiff served Comcast, which is Defendants' internet service provider ("ISP"), with a subpoena seeking names, addresses, and telephone numbers of eighteen (18) individuals or entities designated as John Does 1-18. (Dkt. No. 9-2). Following Plaintiff's service of subpoena on Comcast, John Doe Defendants 4, 9, and 14 filed separate motions challenging the Rule 45 subpoenas issued to Comcast, with John Doe 4 and 9 also seeking severance and dismissal for improper joinder. (Dkt. Nos. 9, 10, 12).

3

## II. DISCUSSION

### a. Motions to Sever and Dismiss

Since Defendants John Does 4 and 9 seek severance and dismissal for improper joinder, the legal standard for joinder is addressed herein. Federal Rule of Civil Procedure 20(a)(2) ("Rule 20") sets forth two necessary conditions that must be satisfied for a plaintiff to permissively join multiple defendants in one action: first, the claims asserted against the defendants must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and second, there must be a "question of law or fact common to all defendants." FED. R. CIV. P. 20(a)(2)(A)-(B). Where a plaintiff has failed to satisfy the conditions of permissive joinder under Rule 20(a), a court may "grant severance or dismissal to the improper party if it will not prejudice any substantial right" to remedy improper joinder pursuant to Federal Rule of Civil Procedure 21 ("Rule 21"). Sabolsky v. Budzanoski, 457 F.2d 1245, 1249 (3d. Cir. 1972). Rule 21 provides: "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21.

Moreover, even where joinder is permissible under Rule 20, a Court may exercise its discretion to sever or drop defendants if it concludes that doing so would further the interests of judicial economy without prejudice to any party. FED. R. CIV. P. 20(b), 21, and 42(b); see also Patrick Collins, Inc. v. John Does 1-43, No. 12-cv-3908, at *3 (D.N.J. Feb. 15, 2013) (Hayden, J.) (citing Rodin Props.-Shore Mall, N.V. v. Cushman & Wakefield of Penn., Inc., 49 F. Supp. 2d 709, 721 (D.N.J. 1999) (Brotman, J.) ("The decision to sever a claim or to try it separately is left to the sound discretion of the trial court.")).

Here, there are eighteen (18) John Doe Defendants. As previously noted, fifteen (15) of these Defendants have been voluntarily dismissed. (Dkt. Nos. 24, 26). John Doe Defendants 4,

9, and 14 remain. John Doe Defendants 4 and 9 have filed motions to sever and dismiss. (Dkt. Nos. 9, 10). John Doe 4 and 9 argue, <u>inter alia</u>, that they are improperly joined as a defendant, citing various authorities in support, because the instances of accessing Plaintiff's Works did not arise from a single transaction or occurrence required by Rule 20, but rather happened on entirely different dates and times. (Dkt. No. 9-5, at 2, 11–18; Dkt. No. 10-4, at 2, 11–18). Plaintiff, in opposition, argues, <u>inter alia</u>, that joinder is proper because: (1) the infringement occurred through a series of transactions; (2) there are common issues of fact and law; (3) defendants are jointly and severally liable; and (4) joinder promotes judicial efficiency and is beneficial to defendants. (Dkt. No. 17, at 17–22; Dkt. No. 18, at 17–22).

As the litigants are certainly well aware, over the last year, the voluminous amount of internet infringement actions involving peer-to-peer file sharing has led to some inconsistent holdings. There is a split among federal courts and even within some districts as to "whether defendants who participated in the same swarm . . . and downloaded the same file satisfy the transaction-or-occurrence standard and can be properly joined." <u>Compare</u> <u>Next Phase Distrib., Inc. v. John Does 1–27</u>, 284 F.R.D. 165, 168 (S.D.N.Y. 2012) (holding joinder of twenty-seven (27) defendants improper and <u>sua sponte</u> severing John Does 2–27); <u>Amselfilm Prod. GMBH & Co. KG v. Swarm 6A6DC and John Does 1–187</u>, No. 12-cv-3865, 2012 U.S. Dist. LEXIS 186476 (D.N.J. Oct. 10, 2012) (Hochberg, J.) (holding joinder of 187 defendants improper); <u>Media Products, Inc. v. John Does 1–26</u>, No. 12 Civ. 3719, 2012 WL 3866492, at *2 (S.D.N.Y. Sept. 4, 2012) (holding joinder of twenty-six (26) defendants in copyright infringement is improper); <u>Third Degree Films, Inc. v. Does 1–131</u>, 280 F.R.D. 493, 497–99 (D. Ariz. 2012) (holding joinder of 131 defendants in copyright infringement action is improper); <u>West Coast Prods., Inc. v. Swarm Sharing Hash Files, et al.</u>, No. 6:12-cv-1713, 2012 WL 3560809, at *7–8

(W.D. La. Aug.17, 2012) (finding joinder of 1,980 defendants improper and granting motion to sever); with Patrick Collins, Inc. v. John Does 1-21, 282 F.R.D. 161, 167 (E.D. Mich. 2012), report and recommendation adopted, No. 11-15232, 2012 WL 4498373 (E.D. Mich. Sept. 28, 2012) (finding joinder of twenty-one (21) defendants was proper because "[d]efendants networked with . . . each other and/or with other peers through a series of transactions in the same swarm to infringe on Plaintiff's copyright"); Malibu Media, LLC v. John Does 1–5, No. 12-cv-2954, 285 F.R.D. 273 (S.D.N.Y. 2012) (holding joinder of five (5) defendants in copyright infringement action is proper); Malibu Media, LLC v. John Does # 1–30, No. 12-3896, 2012 WL 6203697, at *7–8 (D.N.J. Dec. 12, 2012) (Arpert, J.) (finding joinder appropriate and denying motions to sever).[6]

Despite the split, recent authority in this District has found joinder in this context inappropriate, and judges have either ordered or recommended severance and dismissal of all claims against all defendants other than one defendant, usually John Doe # 1. See, e.g., Patrick Collins, Inc., No. 12-cv-3908, at *5–6 (sua sponte severing all John Doe defendants except for one); Amselfilm Prod., No. 12-cv-3865, at n.3 (finding joinder improper and severing and dismissing all John Doe defendants except John Doe 1); see also Third Degree Films, Inc. v. John Does 1–110, No. 12-cv-5817, at *2 (D.N.J. Jan. 17, 2013) (Falk, J.) (denying motion to quash "in contemplation of severance and dismissal" for improper joinder of 110 John Doe defendants); Century Media, Ltd. v. John Does 1–77, No. 12-cv-3911 (D.N.J. Feb. 27, 2013)

---

[6] On March 28, 2013, in Malibu Media v. John Does 1-39, No. 12-06945 (D.N.J. Mar. 28, 2013) (Arpert, J.), Judge Arpert reflected on his earlier decision in Malibu Media, LLC v. John Does # 1–30, 2012 WL 6203697, and found the reasoning in Amselfilm Prod. GMBH & Co. KG v. Swarm 6A6DC and John Does 1–187, No. 12–cv–3865 (D.N.J. Oct. 10, 2012) (Hochberg, J.), Third Degree Films, Inc. v. John Does 1–110, No. 12–cv–5817, at *2 (D.N.J. Jan. 17, 2013) (Falk, J.), and Patrick Collins, Inc. v. John Does 1-43, No. 12-cv-3903, at *3 (D.N.J. Feb. 15, 2013) (Hayden, J.) to be more persuasive, and severed and dismissed the claims against all defendants except John Doe 1.

(Dickson, J.) (ordering plaintiff to show cause as to why the Court should not recommend <u>sua sponte</u> dismissal of all John Doe defendants except for one); <u>Malibu Media v. John Does 1-39</u>, No. 12-06945 (D.N.J. Mar. 28, 2013) (Arpert, J.) (severing and dismissing all John Doe Defendants except for one); <u>Malibu Media, LLC v. John Does 1-22</u>, No. 12-cv-5091, 2013 WL 1704291 (D.N.J. Apr. 19, 2013) (Chesler, J.) (finding joinder improper and severing and dismissing four (4) John Doe defendants, and <u>sua sponte</u> severing the remaining defendants except John Doe 1); <u>Malibu Media, LLC v. Surgent</u>, No. 12-cv-3905, 2013 WL 1704289 (D.N.J. Apr. 19, 2013) (Chesler, J.) (finding joinder improper and severing and dismissing two (2) John Doe defendants, and <u>sua sponte</u> severing the remaining defendants except John Doe 1). In <u>Amselfilm</u>, in severing and dismissing all John Doe defendants except for one, Judge Hochberg found joinder of the defendants to be improper "where Defendants' only determinable connection to one another is the similar method of distributing the same work, and where Defendants' alleged instances of distribution constitute separate transactions." <u>Amselfilm Prod.</u>, No. 12–cv–3865, at n.3. Judge Hochberg went on to note that:

> While this Court appreciates that those who participate in the same swarm are virtually "connected" by the same copyrighted work, this Court is not convinced that the purported instances of distribution, as identified by digital rights enforcement company Baseprotect and listed in Schedule B of the complaint, are a part of the same transaction, particularly because they span across various dates and times. Although there may be multiple individuals who distribute pieces of the same work and are thereby described as being in the same swarm, it is probable that different people within the swarm never distribute a piece of the work to the same person, or at the same moment in time. <u>Third Degree Films</u>, 280 F.R.D. at 498 (finding that participation in the same swarm does not constitute the same transaction or occurrence or series of transactions or occurrences for purposes of joinder because a particular swarm "can last for many months" and "[d]uring those months, the initial participants may never overlap with later participants"); <u>see also</u> June 18, 2012 Declaration of David Farris ¶ 25. Without more connecting them, 187 defendants who have

7

> distributed pieces of the work at different times cannot be permissively joined in this case. For joinder to be appropriate, Plaintiff must show a more definite connection between participants in the swarm, namely that the group of defendants sought to be joined have directly participated in the same transaction. For example, the Plaintiff might be able to establish joinder by showing that on a certain date and time, a particular subset of the swarm distributed pieces of the work to a common downloader.

Id., at n.3; see also Century Media, Ltd., 2013 WL 686230, at *2–3. Thus, for permissive joinder to be appropriate and to not strain judicial resources, "there must be a connection between the defendants beyond the copyrighted work and method of distribution, namely that defendants were involved in the same transaction with the same downloader at the same time." Amselfilm Prod., No. 12–cv–3865, at 3.

The facts of the instant case are analogous to the Amselfilm case where the alleged instances of infringement (or copying) occurred on different dates and times as different transactions. (See Dkt. 8, Ex. A & B). Further, like in Amselfilm, other courts have held that there are too few facts connecting each of the John Doe defendants; that each defendant would likely assert different factual defenses to the allegations creating factual and legal issues not common to all defendants which would require separate adjudication of these issues; and that many of the owners of the IP addresses did not download the Works and thus are not the alleged infringers. See, e.g., Patrick Collins, Inc., No. 12–cv–3908; SBO Pictures, Inc. v. Does 1–20, No. 12 Civ. 3925, 2012 WL 2304253, at *2 (S.D.N.Y. June 18, 2012); Third Degree Films v. Does 1–72, No. 12–10760–FDS, 2012 WL 5464177, at *5 (D. Mass. Nov. 5, 2012); Media Prods., Inc. v. John Does 1–26, Nos. 12 Civ. 3719, 12 Civ. 3630, 12 Civ. 2962, 2012 WL 3866492, at *2 (S.D.N.Y. Sept. 4, 2012). Accordingly, other courts have severed and dropped all John Doe defendants except for one because joinder of the John Doe defendants would not

promote judicial economy and fairness. See Patrick Collins, Inc., No. 12–cv–3908; Amselfilm Prod., No. 12–cv–3865, n.3.

This Court fully agrees with the decisions of its colleagues in this District that have found joinder inappropriate. Therefore, in the interests of judicial economy, the Court, in its discretion, grants the motions of John Does 4 and 9 to sever and dismiss the action against them without prejudice to allow Plaintiffs to re-file its claims against the John Doe Defendants in separate actions. Additionally, since they are no longer parties to this action, the Court grants the motions of John Does 4 and 9's Motions to quash the subpoenas issued to Comcast without prejudice, and sua sponte quashes the subpoenas issued to Comcast for John Does 1, 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 15, 16, 17, and 18. (Dkt. Nos. 24, 26).

### b. Motions to Quash

Defendant John Doe 14 filed a motion to quash or vacate the subpoena issued to Comcast by Plaintiff. (Dkt. 12). John Doe 14 contends that he has standing to bring the instant motion because the subpoena requires disclosure of protected information in that it "seeks disclosure of personal identification information considered to be confidential and over which DOE No. 14 has personal and proprietary interests." (Id. at 4–5). John Doe 14 also claims he has standing to protect his reputational interest. (Id. at 5). He also argues that the subpoena subjects him to an undue burden because the information is not relevant and presents a risk of reputational injury. (Id. at 4, 6–8).

Plaintiff, on the other hand, argues that Defendant lacks standing to contest a third-party subpoena on the basis of undue burden. (Dkt. No. 19, at 5). Plaintiff contends that Defendant cannot contest the subpoenas by claiming an undue burden because the burden of producing the information is on the internet service provider and not the Defendant. (Id. at 6). Furthermore,

Plaintiff argues that a concern about reputational injury is not a reason to quash the subpoena. (Id. at 7). Plaintiff does not object to allowing Defendant's information to be filed under seal and allowing him to remain anonymous through the end of discovery. (Id. at 7). Plaintiff also claims that there is no viable alternative to identify the infringer and thus the subpoenaed information is relevant. (Id. at 8–10).

### i. Legal Standard

Federal Rule of Civil Procedure 45(c)(3)(A) ("Rule 45") sets forth the circumstances under which the Court must quash a subpoena. In relevant part, Rule 45 provides that on timely motion, the issuing court must quash a subpoena that: "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to an undue burden." FED. R. CIV. P. 45(c)(3)(A)(iii)-(iv). "The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of [Rule 45] are satisfied." Malibu Media, LLC v. John Does 1–15, No. 12–2077, 2012 WL 3089383, at *5 (E.D. Pa. Jul. 30, 2012) (citing City of St. Petersburg v. Total Containment, Inc., No. 07-191, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008)). This has been described as "a heavy burden." Malibu Media, LLC v. Does # 1–30, 2012 WL 6203697, at *2 (internal citations omitted). The Court considers "whether the Defendants have standing . . ., the relevancy of the production sought, whether any privilege or protection applies . . ., and whether the subpoena subject Defendants to undue burden." Schmulovich v. 1161 R. 9, LLC, No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007) (Bongiovanni, J.).

### ii. *Standing*

Generally, a motion to quash or modify a subpoena directed to a non-party must be brought by the non-party itself. See Thomas v. Marina Assocs., 202 F.R.D. 433, 434–35 (E.D.

10

Pa. 2001). However, "[a] party has standing to bring a motion to quash or modify a subpoena upon a non-party when the party claims a personal privilege in the production sought." Schmulovich, 2007 WL 2362598, at *2 (citing DIRECTV, Inc. v. Richards, No. 03-5606, 2005 WL 1514187, at *1 (D.N.J. June 27, 2005) (Brown, J.) (citing Catskill Dev., LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 93 (S.D.N.Y.2002)). For example, a party has sufficient standing to challenge a subpoena issued to a bank that seeks disclosure of that party's financial records. Schmulovich, 2007 WL 2362598, at *2. This Court is satisfied that John Doe 14 has standing to bring this Motion because the subpoena seeks disclosure of his personal identification information.

### iii. *Plaintiff's third-party subpoena does not seek privileged or protected information*

The Court will first examine Defendant's claim that the subpoena should be quashed because it seeks "personal identification information." (Dkt. No. 12, at 5). Rule 45 requires a court to quash a subpoena if the subpoena seeks "disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(c)(3)(A)(iii). However, "[t]he burden rests squarely on the Defendant, as the moving party, to demonstrate that a privilege exists and that the subpoena would disclose such information." Malibu Media, LLC v. John Does 1-15, 2012 WL 3089383, at *5 (citing Total Containment, 2008 WL 1995298, at *2).

Defendant does not claim privilege but rather claims that his personal identification information is "confidential" and that Defendant has "personal and proprietary interests" over this information. (Dkt. No. 12, at 5). The Court finds this statement unpersuasive. See, e.g., Patrick Collins, Inc. v. John Does 1-13, No. 12-7620, 2013 WL 3466833 (D.N.J. July 10, 2013) (Bongiovanni, J.). Courts have consistently ruled that "Internet subscribers do not have a reasonable expectation of privacy in their subscriber information." Sony Music Entm't v. Does

1-40, 326 F. Supp. 2d 556, at 566-67 (S.D.N.Y. 2004) (citing Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. Kg. v. Does 1–4, 577, 736 F. Supp. 2d 212, 216 (D.D.C. 2010)). This is because "[I]nternet subscribers have already voluntarily conveyed their subscriber information—name, address, and phone number to their [I]nternet [S]ervice [P]rovider." Malibu Media, LLC v. John Does 1-15, 2012 WL 3089383, at *8 (citing First Time Videos, LLC v. Does 1–500, 276 F.R.D. 241, 257 (N.D. Ill. 2011); Achte/Neunte, 736 F. Supp. 2d at 216).

In this case, John Doe 14 has voluntarily disclosed his personal information to his service provider, Comcast, in order to set up his Internet account. Accordingly, John Doe 14 cannot now claim that such information is so confidential as to establish a basis for quashing a subpoena. See, e.g., First Time Videos, 276 F.R.D. at 247–248 (finding disclosure of personal information to ISP negates privacy interest); Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334, 339–340 (D.D.C. 2011) (same).

### iv. *Plaintiff's third-party subpoena does not impose an undue burden on Defendant John Doe 14*

Generally, a party generally cannot challenge a third-party subpoena based on a theory of undue burden. See Malibu Media, LLC v. John Does 1-15, 2012 WL 3089383, at *8 ("Defendant is not faced with an undue burden because the subpoena is directed at the [I]nternet [S]ervice [P]rovider and not the Defendant."); Malibu Media, LLC v. John Does No. 1-30, 2012 WL 6203697, at *4 ("Defendants do not have standing to contest the third-party Subpoenas on the basis of undue burden."); Third Degree Films, Inc. v. Does 1–118, No. 11–cv–03006, 2011 WL 6837774, at *3 (D. Md. Dec. 28, 2011) ("Defendants' argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require them to produce any information or otherwise respond."). Instead, "[i]t is the Internet Service Provider that is compelled to disclose the

information, and thus, its prerogative to claim an undue burden." Malibu Media, LLC v. John Does 1-15, 2012 WL 3089383, at *8 (citing First Time Videos, 276 F.R.D. at 257). Here, because the subpoena is directed to a third party, Comcast, John Doe 14 cannot establish that it imposes an undue burden upon him.

### v. *The risk of reputational injury does not present an undue burden*

Defendant John Doe 14 contends that "the risk of reputational injury to an individual from public exposure and association with the Malibu Media, LLC allegations—even if later disproven—is too great and presents an undue burden" to him. (Dkt. No. 12, at 7). In order to establish an undue burden, Defendant must show a "clearly defined and serious injury." City of St. Petersburg, No. 07–191, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2004) (citing Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 592–93 (D. Kans. 2003)). Here, John Doe 14's broad claim of reputational injury fails to demonstrate a "clearly defined and serious injury." See Malibu Media, LLC v. John Does 1-15, 2012 WL 3089383, at *9. While the Court acknowledges that "there is some social stigma attached to consuming pornography . . . it is [nonetheless] the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." Patrick Collins, Inc. v. John Does 1–54, No. 11–1602, 2012 WL 911432, at *4 (D. Ariz. Mar. 19, 2012) (denying a protective order to shield defendant accused of downloading pornography using BitTorrent from annoyance, embarrassment, oppression, or undue burden). If "any defendant could quash a subpoena based on the mere possibility that someone else has used the defendant subscriber's IP address to perpetuate the alleged infringement" then a plaintiff would be unable to enforce its rights. Id.

Here, if the Plaintiff or Defendant believes that sealing any court document is appropriate, it is free to file the appropriate sealing motion pursuant to Local Rule 5.3. In

addition, prior to filing an Amended Complaint to substitute a John Doe defendant, specifically John Doe 14, with the proper name of a defendant, Plaintiff shall ensure it has a sufficient factual basis for the assertions made. See Malibu Media, LLC v. John Does 1-11, No. 12-7726, 2013 WL 1504927, at *6 (D.N.J. Apr. 11, 2013) (Hammer, J.); Patrick Collins, 2013 WL 3466833, at *5. The Court does not authorize Plaintiff to rely solely on the Internet subscriber's association with the IP address to supply that basis. Malibu Media, LLC v. John Does 1-11, 2013 WL 1504927, at *6.

### vi. The information sought by the subpoena is relevant

"A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b) (1)." Schmulovich, 2007 WL 2362598, at *2 (citing Transcor, 212 F.R.D. at 591). If a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it upon timely motion by the party served. Id. Of course, the scope of discovery in federal litigation is broad. See FED. R. CIV. P. 26(b)(1). Parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense—including . . . the identity and location of persons who know of any discoverable matter." Id.

Defendant John Doe 14 claims that the information linked to an IP address cannot be used to identify the alleged copyright infringer because the IP address only identifies the Internet subscriber and not the alleged individual infringer. (Dkt. No. 12, at 78).[7] However, the Court finds this argument unpersuasive. The appropriate inquiry under Rule 26(b)(1) is not whether the information sought will lead to identifying the infringer but whether the information sought

---

[7] John Doe 14 explained that he lives in a sixteen (16) story residential structure, and that his connection is maintained in a common lounge area so that any resident in the building could use his IP address. (Dkt. No. 12, at 6-7).

14

reasonably leads to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). The Court notes that it is possible that the Internet subscriber did not download the infringing material. It is also possible, however, that the subscriber either knows, or has additional information which could lead to the identification of the alleged infringer. See Patrick Collins, Inc., 2013 WL 3466833, at *4; Malibu Media, LLC v. John Does 1-15, 2012 WL 3089383, at *10; Malibu Media, LLC v. Does 1–11, 2013 WL 1504927, at *6. Accordingly, the Court finds that the information sought by the subpoena is relevant.

### III. CONCLUSION

For the aforementioned reasons, the Motions of John Doe 4 and 9 to sever and dismiss the actions against them are **GRANTED** without prejudice. Additionally, the Motions of John Does 4 and 9's to quash the subpoenas issued to Comcast are **GRANTED** without prejudice since they are no longer parties to this action. The Court also sua sponte quashes the subpoenas issued to Comcast for John Does 1, 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 15, 16, 17, and 18 since they are no longer parties to this action. Finally, the Motion of John Doe 14 to quash or vacate the subpoena issued to Comcast is **DENIED**.

_____
**MADELINE COX ARLEO**
**United States Magistrate Judge**

Date: December 18, 2013